WILLIAM JARVIS LEGGETT and wife, LOSSIE BELL LEGGETT v. SMITH-DOUGLASS COMPANY, INC., IVAN BISSETTE and ROBERT D. WHEELER, Trustee, and FRANK HART.

(Filed 19 September 1962.)

**1. Appeal and Error § 12—**

While the Superior Court may dismiss an appeal for failure to serve statement of case on appeal within the time limited, it may not dismiss an appeal after it has been docketed in the Supreme Court. Nevertheless, where appellant thereafter takes a voluntary nonsuit in the trial court such act is tantamount to an abandonment or withdrawal of the appeal and the Superior Court has jurisdiction to hear another action thereafter brought pursuant to G. S. 1-25.

**2. Judgments § 34—**

A consent judgment that the deed of trust in question is valid and which fixes the balance of the note secured thereby precludes the mortgagor from thereafter attacking the validity of the deed of trust or the amount then due so long as the consent judgment remains in full force and effect.

**3. Mortgages and Deeds of Trust § 39—**

In an action to set aside the foreclosure of a deed of trust on the ground of irregularities in the advertisement and sale, demurrer is properly entered sustained when there are no facts alleged supporting the legal conclusions of the pleader.

**4. Pleadings § 19—**

Where the complaint contains a defective statement of a good cause of action in failing to allege the facts necessary to support the legal conclusions, the action should not be dismissed prior to the expiration of time for amending the pleading. Nor may the action be dismissed upon demurrer on the ground of the pendency of a prior action between the parties until sufficient matter is made to appear to determine the identity of the actions.

APPEAL by plaintiffs from *Bundy, J.,* in Chambers at the Courthouse in Greenville, North Carolina, 3 March 1962, at 10:00 a.m. From PITT.

The plaintiffs executed to Robert D. Wheeler, trustee, under date of 29 December 1958, a deed of trust which is recorded in Book S-30, at page 263, in the office of the Register of Deeds of Pitt County. Said instrument was given to secure a note in the sum of $3,000.00 payable to Smith-Douglass Company, Inc.

The first action brought by the plaintiffs in connection with said deed of trust was instituted to restrain a sale pursuant to the terms of the instrument, the plaintiffs at the time being in default. On 28 January 1961 a judgment was signed by Judge Bundy which was consented to by C. L. Abernethy, Jr., attorney for the plaintiffs, and by H. Frank Owens, the then attorney for the defendants.

The judgment, among other things, set out that the deed of trust "is a good and valid deed of trust and the same shall remain in full force and effect.

"It is further ordered that the amount of the indebtedness due on the note secured by said deed of trust is the sum of $1886.00 plus interest at the rate of 6% from November 1, 1960, until paid."

The consent judgment further provided that the terms of payment of the secured note were modified as follows:

"At least the sum of $35.00 due and payable on or before the 1st day of February, 1961, and a like amount due and payable on or before the 1st day of each and every calendar month thereafter until both principal and interest are fully paid; * * *

"It is further ordered that if the said William Jarvis Leggett and wife, Lossie Bell Leggett, should fail or neglect to pay any installment of principal or interest as the same shall become due, then the holder of the note may at his option declare the entire balance due thereon immediately due and payable, and upon request the Trustee may proceed to foreclose said deed of trust according to its terms which except as herein modified remains in full force and effect."

The second action was instituted by the plaintiffs on 2 November 1961 against the original defendants and Frank Hart. According to the oral argument of appellees, the plaintiffs defaulted in their payments as fixed by the consent judgment. The premises involved were foreclosed under the deed of trust and Frank Hart became the last and highest bidder therefor. His bid was confirmed, and the Clerk of the Superior Court of Pitt County ordered the trustee to execute a deed of trust to Frank Hart upon compliance with the terms of his bid. Frank Hart now holds the trustee's deed to said premises.

The defendants demurred to the complaint filed in the second action

and a hearing was had before Judge Bundy, Resident Judge of the Third Judicial District, on 4 January 1962, at which hearing the demurrer was sustained and the action dismissed.

The plaintiffs gave notice of appeal to the Supreme Court and were given fifteen days from 4 January 1962 to make up and serve copy of case on appeal upon the defendants. The appeal was never perfected. On 8 February 1962 the plaintiffs purportedly took a nonsuit before the Clerk of the Superior Court of Pitt County and on the same date instituted a third action in which they seek the identical relief sought in the second action.

The defendants demurred to the complaint filed in the third action and interposed a plea in abatement on the ground that a prior action by the identical plaintiffs in this action against the identical defendants is now pending in the Supreme Court and, as appears therefrom, the relief sought in the prior action is the identical relief sought in the present action.

The hearing on the demurrer and plea in abatement was likewise held before Judge Bundy, Resident Judge, at 10:00 a.m. on 3 March 1962 at the Courthouse in Greenville, North Carolina. The demurrer and the plea in abatement were sustained and the action dismissed.

The plaintiffs appeal, assigning error.

*Charles L. Abernethy, Jr., for appellants.*
*Robert D. Wheeler, Albion Dunn for appellees.*

DENNY, C.J. Chapter 743 of the Session Laws of 1959, codified as G.S. 1-287.1, authorizes the superior court to dismiss an appeal to the Supreme Court when the statement of the case on appeal has not been served on the appellee or his counsel within the time allowed. This statute does not apply when the case on appeal has been docketed in the Supreme Court. *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118. In such instances, the appeal may not be withdrawn without the approval of this Court. However, we are inclined to the view that when a demurrer to the complaint filed in an action has been sustained and the plaintiff gives notice of appeal to the Supreme Court, but instead of perfecting the appeal he elects to take a voluntary nonsuit and brings another action pursuant to the provisions of G.S. 1-25, the taking of a voluntary nonsuit before the clerk of the superior court is tantamount to an abandonment or withdrawal of the appeal.

The record in this appeal contains the complaints and the respective amendments to the complaints filed by the plaintiffs in the second and third actions. Neither complaint, including the amendments thereto, states a cause of action upon which a judgment could be predicated

for the relief sought. The pleadings and the amendments thereto are almost interminable and allege evidentiary matters and conclusions rather than facts. The plaintiffs' pleadings do not conform with the requirements of good pleadings within the meaning of G.S. 1-122. *Parker v. White,* 237 N.C. 607, 75 S.E. 2d 615; *Daniel v. Gardner,* 240 N.C. 249, 81 S.E. 2d 660. For example, the plaintiffs seek to set aside the foreclosure proceeding and to have the sale declared illegal. The only ground alleged, however, for the relief sought is that "there has not been a legal and valid advertisement by which a valid foreclosure could be effectuated." Wherein the advertisement was defective is nowhere alleged. In both actions the plaintiffs undertook to attack the validity of the deed of trust which was executed by the plaintiffs on 29 December 1958 and at the same time alleged that the consent judgment entered on 28 January 1961 was entered in good faith. That judgment recites that the deed of trust "is a good and valid deed of trust and the same shall remain in full force and effect," fixed the balance due on the note secured by the deed of trust and set out a new schedule of payments; otherwise the deed of trust was to remain in full force and effect and to be foreclosed in accordance with its terms if the plaintiffs defaulted in the payment of the amounts set out in the consent judgment. There are no allegations to the effect that the consent judgment was obtained by fraud or mutual mistake. The plaintiffs do not attack the validity of the consent judgment, nor do they attempt to have it set aside upon the ground of fraud or for any other reason. Therefore, they are bound by its terms.

The plaintiffs are in no position to attack the validity of the deed of trust or the amount due thereunder so long as the consent judgment remains in full force and effect.

As we construe the pleadings, the only cause of action upon which the plaintiffs might obtain relief with respect to the foreclosure proceeding would be an action based on irregularities, if any, which would be sufficient to upset the foreclosure proceeding. No such allegations appear in the present pleadings. These plaintiffs should state their cause of action, if any, by a plain and concise statement of facts constituting such cause of action, but if they are unable or unwilling to do so, then they should be restrained from further annoying these defendants by vexatious litigation in connection with the transactions involved. *Nowell v. Neal,* 249 N.C. 516, 107 S.E. 2d 107.

Therefore, we hold that the demurrer filed in the second cause of action was properly sustained for failure of plaintiffs to state a cause of action, and, for the same reason, the demurrer to the complaint filed in the third or present action will be sustained. *Gillikin v. Sprin-*

*gle,* 254 N.C. 240, 118 S.E. 2d 611; *Skinner v. Transformadora, S.A.,* 252 N.C. 320, 113 S.E. 2d 717.

Under our decisions, we hold that it was error to dismiss the action. *Hayes v. Ricard,* 251 N.C. 485, 112 S.E. 2d 123; *Kelly v. Kelly,* 241 N.C. 146, 84 S.E. 2d 809; *Craver v. Spaugh,* 227 N.C. 129, 41 S.E. 2d 82; *Batson v. City Laundry Co.,* 206 N.C. 371, 174 S.E. 90; *Hampton v. Spinning Co.,* 198 N.C. 235, 151 S.E. 266.

Where, in the trial of a new action, "upon its merits, * * * it appears to the trial court, and is found by such court as a fact, that the second suit is based upon substantially identical allegation and substantially identical evidence, and that the merits of the second cause are identically the same, thereupon the trial court should hold that the judgment in the first action was a bar or *res judicata,* and thus end that particular litigation." *Hampton v. Spinning Co., supra.*

Unfortunately, the plaintiffs herein, neither in the second or third action, have stated a cause of action that will entitle them to come to bat on the purported merits of the controversy.

Except as modified herein, the judgment entered below will be upheld.

Modified and affirmed.