ROBERT CALVIN WILLIAMS v. ASHEVILLE CONTRACTING COMPANY.

(Filed 10 October 1962.)

**1. Appeal and Error § 12—**

An appellant may abandon his appeal, and motion for voluntary nonsuit thereafter entered in the trial court is tantamount to abandonment of the appeal, and the court has jurisdiction to hear the motion.

**2. Pleadings § 19—**

　　Where plaintiff abandons or fails to perfect his appeal from order sustaining a demurrer to the complaint for failure to state a cause of action, the judgment sustaining the demurrer becomes the law of the case, and plaintiff is precluded from thereafter amending his complaint.

APPEAL by plaintiff from *Fountain, Special Judge,* April Special Civil Term 1962 of NASH.

This action was instituted by the plaintiff on 26 September 1960 to recover for injuries allegedly sustained on 7 March 1960 in a collision between motor vehicles belonging to the parties.

On 13 September 1961, Judge Bundy, presiding at the September Civil Term of the Superior Court of Nash County, sustained a demurrer interposed by the defendant on the ground that the complaint failed to state a cause of action, and dismissed the action.

The plaintiff gave notice of appeal. Plaintiff was given sixty days in which to prepare and serve case on appeal and the defendant was given thirty days in which to file exceptions or serve countercase.

No case on appeal was served, and on 7 November 1961 the plaintiff, having paid the costs, informed the Clerk of the Superior Court of Nash County that he desired to take a nonsuit. The Clerk dismissed the action as of voluntary nonsuit.

This cause came on to be heard before Fountain, Special Judge, upon motion to set aside the judgment of voluntary nonsuit entered by the Clerk on 7 November 1961. His Honor vacated the Clerk's judgment.

On 5 May 1962 the defendant filed a motion in the Supreme Court to docket and dismiss the appeal taken by the plaintiff on 13 September 1961, which motion was allowed on 8 May 1962.

From the order vacating the judgment as of nonsuit taken before the Clerk of the Superior Court of Nash County on 7 November 1961, the plaintiff appeals, assigning error.

*Gilliland & Clayton for appellant.*
*Spruill, Thorp, Trotter & Biggs for appellee.*

PER CURIAM. We hold that where an appeal is taken from an order sustaining a demurrer on the ground that the complaint does not state a cause of action, the appellant may abandon his appeal; and a nonsuit entered by the Clerk of the Superior Court, at appellant's request, is tantamount to an abandonment of the appeal. *Leggett v. Smith-Douglass Company, Inc.,* 257 N.C. 646, 127 S.E. 2d 222.

The case on appeal not having been served within the time allowed, it was subject to dismissal in the Superior Court pursuant to G.S. 1-287.1, without moving to docket and dismiss in the Supreme Court.

However, when the appeal was abandoned or not perfected within the time allowed, the order of the court below sustaining the demurrer and dismissing the action became the law of the case and the plaintiff was thereby precluded from amending his complaint which ordinarily may be done when a demurrer is sustained without dismissing the action. *Mills v. Richardson*, 240 N.C. 187, 81 S.E. 2d 409.

The order vacating the voluntary nonsuit is reversed.

Reversed.