SHERRY PAMELA SINK v. KENNETH WESLEY EASTER, JR.

No. 72

(Filed 27 August 1975)

1. **Rules of Civil Procedure § 60— relief from final judgments only**
    Rule 60(b) of the N. C. Rules of Civil Procedure has no application to interlocutory judgments, orders, or proceedings of the trial court but applies only by its express terms to final judgments.

2. **Rules of Civil Procedure §§ 56, 60— interlocutory order — motion for relief under Rule 60 improper — motion treated as summary judgment**
    Denial of defendant's Rule 12(b) motion to dismiss for insufficiency of service of process and lack of jurisdiction was an interlocu-

Sink v. Easter

tory order, and defendant's subsequent Rule 60(b) motion to dismiss following the Supreme Court's opinion in plaintiff's father's action (which arose from the same automobile accident as plaintiff's action) was not a proper motion under Rule 60(b); however, the Supreme Court considers defendant's motion to dismiss as a motion for summary judgment based on the doctrine of collateral estoppel.

3. **Appeal and Error § 16— judgment of dismissal — correction entered in same term of court — no error**

Where the trial court filed a judgment on 21 March 1974 dismissing plaintiff's action and plaintiff filed notice of appeal on 28 March 1974, the court had jurisdiction to file on 28 March 1974 a correction to the 21 March 1974 judgment and to deny plaintiff's Rule 60(b) motion for relief from the 21 March 1974 judgment, since the orders were made during the same term in which the original judgment was entered.

4. **Rules of Civil Procedure § 60— granting of Rule 60 motion — discretionary matter**

The trial court erred in denying plaintiff's Rule 60(b) motion for relief from an earlier judgment of the court on the ground that the court had no discretion to consider the motion, since a motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court, and appellate review is limited to determining whether the court abused its discretion.

5. **Appeal and Error § 15— jurisdiction after appeal — appeal abandoned**

The general rule that an appeal divests the trial court of jurisdiction becomes inoperative when the trial judge, after due notice and a proper showing, adjudges that the appeal has been abandoned.

6. **Appeal and Error § 16; Rules of Civil Procedure § 60— appeal from dismissal — adjudication that appeal abandoned**

Where plaintiff filed a Rule 60(b) motion on 28 March 1974 seeking relief from the trial court's judgment of dismissal on 21 March 1974, the trial court erroneously denied the motion on 28 March, plaintiff gave notice of appeal on 28 March, the trial court, cognizant of his error, acted on 1 April to set aside his order of 28 March denying plaintiff's Rule 60(b) motion, and the trial court conducted a hearing on the motion on 1 April, the proceedings of 1 April constituted an adjudication by the court that plaintiff's prior appeal from the denial of her Rule 60(b) motion had been abandoned. Thus the plaintiff, by appearing at the 1 April hearing, gave proper notice of her intention to abandon the appeal; therefore, though the trial judge was presiding over a different term of court than that in which the original judgment of dismissal was entered, he still had jurisdiciton to reconsider his prior denial of plaintiff's Rule 60(b) motion for relief from that judgment of dismissal.

7. **Appeal and Error § 15; Rules of Civil Procedure § 60— appeal from final judgment — appeal withdrawn — power of trial court to grant relief**

The filing and granting of a motion by the plaintiff to withdraw and abandon her appeal from the trial court's order dismissing her

Sink v. Easter

action'.for lack of jurisdiction served to reinvest the trial court with jurisdiction over the entire cause, and the court therefore had sufficient jurisdictional power to grant plaintiff's Rule 60(b) motion for relief from the judgment of dismissal.

APPEAL as of right by plaintiff pursuant to G.S. 7A-30(2) to review decision of the Court of Appeals reported in 23 N.C. App. 296, 208 S.E. 2d 895 (1974) (opinion by *Britt, J., Hedrick, J.,* concurring, *Baley, J.,* dissenting), which vacated the order entered by *Wood, J.,* at the 13 May 1974 Session of DAVIDSON County Superior Court.

Because the basic issue here presented involves the effect on this litigation of our prior decision in the action brought by Sherry Sink's father, James A. Sink, it is necessary to discuss both cases in some detail in order to present fully the factual background giving rise to the instant controversy.

On 3 September 1971 James A. Sink (hereinafter sometimes referred to as James) and his daughter, Sherry Pamela Sink (hereinafter referred to as Sherry); went to the law offices of Charles F. Lambeth, Jr., a member of the Davidson County Bar. At that time, Attorney Lambeth was informed that Sherry had suffered serious personal injuries in an automobile accident on 6 September 1968 while she was riding in a vehicle operated by Kenneth Wesley Easter, Jr.

On 4 September 1971 Attorney Lambeth commenced two law suits against defendant, Kenneth Wesley Easter, Jr. One of these actions was instituted on the behalf of Sherry for personal injuries and for medical expenses incurred subsequent to her attainment of majority. The other action was instituted on the behalf of Sherry's father, James, for Sherry's medical expenses incurred from the date of the accident until her attainment of majority. Both of these actions were commenced by the issuance of summonses pursuant to G.S. 1A-1, Rule 3. Application was made in both cases for an extension of time within which to file the complaints. The clerk found these applications to be in compliance with the statute and ordered (i) that the time for filing the complaints be extended to 24 September 1971; and (ii) that a copy of the application and order be delivered to defendant with a copy of each respective summons.

On 10 September 1971 Deputy Sheriff W. W. Campbell of the Guilford County Sheriff's Department returned both summonses with the following notation on each: "Kenneth Wesley

Easter—not to be found in Guilford county—in Amsterdam—address unknown."

On 23 September 1971 both of the complaints were properly filed with the clerk. Thereafter, on 1, 8 and 15 October 1971 notice of service of process by publication was published in the Thomasville Times. Among other things, these notices stated that defendant was required to make defense to such pleadings on or before 11 November 1971.

On 11 November 1971 defendant, through his attorney, Charles H. McGirt, made a "special appearance" in both actions solely for the purpose of presenting the following identical Rule 12(b) motions: "To dismiss the action in that the defendant, Kenneth Wesley Easter, Jr., has not been served with process and the court lacks jurisdiction of it."

Both of defendant's 12(b) motions were heard by Judge Wood at the 13 December 1971 Civil Session of Davidson County Superior Court. At that time, Attorney Lambeth submitted an affidavit of the newspaper publisher indicating publication at the above times. Attorney Lambeth also filed a personal affidavit in both causes in which he stated, *inter alia,* that subsequent to the return of both summonses with the notation "Kenneth Wesley Easter—not to be found in Guilford County—in Amsterdam—address unknown," he "called the *residence* of the defendant in High Point and was advised that the defendant was in Amsterdam but that the party at his *residence* did not have his address and did not know how long the defendant would remain in Europe or in Amsterdam, the Netherlands. Therefore summons by publication was instituted." (Emphasis supplied.)

On 27 December 1971 Judge Wood *signed* identical orders denying defendant's Rule 12(b) motions. Both orders further provided that defendant had 30 days "within which to answer or otherwise plead." Both orders were subsequently *filed* on 27 March 1972. Defendant objected and excepted to the entry of both and properly preserved his exceptions for determination upon any subsequent appeal as provided by G.S. 1-277(b).

On 25 April 1972 defendant filed identical answers in both causes in which he denied any negligence on his part and pleaded the following defenses: (i) lack of jurisdiction due to improper services of process; (ii) statute of limitations, G.S. 1-52; and (iii) contributory negligence.

Sink v. Easter

At this point, we believe it would be helpful to state separately the subsequent events in *each* case.

### James A. Sink's Action

Following the above narrated events, on 4 August 1972 defendant filed a motion for summary judgment in James' case on the ground that the action was commenced more than three years after the date the cause of action accrued. (No similar motion was filed by defendant in Sherry's case.) Specifically, defendant contended that the action was not commenced on 4 September 1971 (date summons issued) because the summons and order issued by the clerk extending time to file the complaint had not been served on him. Defendant conceded, however, that the action was properly filed on 23 September 1971 (date complaint filed).

Defendant's motion was heard by Judge James M. Long at the 6 November 1972 Session of Davidson County Superior Court. At that hearing, the parties stipulated that defendant "was out of the State from the last day of August 1971, until the 1st day of November 1971." and that "summons was issued for defendant . . . within the period of limitations" and further that "it could not be personally served on defendant . . . ." On 22 November 1972 Judge Long filed an order allowing defendant's motion on the ground that the action was barred by the statute of limitations.

The aforementioned order was excepted to and appeal was taken to the North Carolina Court of Appeals. That court, in an opinion reported in 19 N.C. App. 151, 198 S.E. 2d 43 (1973), reversed on two grounds: (i) the action was commenced on 4 September 1971 and the fact service by publication was made subsequent thereto was of no consequence; and (ii) the defendant was estopped from raising the failure of plaintiff to mail a copy of the complaint because of his stipulation that "defendant was served by publication."

On certiorari this Court, in an opinion by Justice Huskins, reported in 284 N.C. 555, 202 S.E. 2d 138 (1974), reversed the decision of the Court of Appeals and remanded with instructions to dismiss the action for lack of jurisdiction. The grounds for the decision were as follows:

(1) Defendant, on the facts presented, was not subject to service of process by publication since "plaintiff could have and

therefore should have effected personal service of process by leaving copies of the summons and court order at defendant's High Point residence with a person of suitable age and discretion living there . . . . " ; and

(2) Even if defendant was subject to service of process by publication, which he was not, such service was fatally defective "for failure to mail a copy of the notice of service of process by publication to defendant's known High Point address."

This Court concluded the opinion as follows:

"When the summons was returned unserved by the Sheriff of Guilford County, plaintiff did not continue the action in existence by securing an endorsement upon the original summons for an extensison of time within which to complete service of process, Rule 4(d)(1), and did not sue out an alias or pluries summons returnable in the same manner as the original process pursuant to Rule 4(d)(2). *This action was therefore discontinued ninety days after 4 September 1971, the date the summons was issued. Rule 4(e). Thereafter, the court was without authority to entertain defendant's motion for summary judgment or to enter any judgment in the action commenced on 4 September 1971 except a formal order of dismissal.* [Citation omitted.] Defendant's stipulation long after the action was discontinued that 'after the period of limitation had run, defendant was served by publication,' could not and did not revive the action." 284 N.C. at 561, 202 S.E. 2d at 143. (Emphasis supplied.) This opinion was filed on 25 January 1974.

### Sherry Pamela Sink's Action

It appears from the record that Sherry's case remained in limbo from 25 April 1972 (date defendant filed answer) until 7 February 1974. On this latter date *defendant filed a motion pursuant to G.S. 1A-1, Rule 60(b)(6),* to dismiss Sherry's action on the grounds that the court's prior denial of his Rule 12(b) motion (entered 27 December 1971 and filed 27 March 1972) was "irregular and void" by reason of the opinion of this Court in James' case.

Judge Wood subsequently heard arguments on defendant's 60(b)(6) motion at the 18 February 1974 Session of Davidson County Superior Court. Thereafter, in a letter to Judge Wood dated 20 February 1974 (filed 21 February 1974) Attorney Lambeth stipulated that the judgment on defendant's motion

in Sherry's case could be rendered out of term and out of district. In this same letter, Attorney Lambeth made the following suggestion:

> "We plan to petition the Supreme Court for a rehearing in the case of JAMES A. SINK v. KENNETH WESLEY EASTER, JR. If you will withhold signing the judgment in the above case [Sherry's] until there is a final determination in the petition to rehear it might very well result in a considerable saving in litigation expenses for everyone concerned."

On 6 March 1974 James A Sink filed a petition with this Court to rehear his case reported in 284 N.C. 555, 202 S.E. 2d 138, on the grounds of "newly discovered evidence, and also a matter overlooked and an error of law; . . . " At this point, we quote directly from Mr. Sink's petition:

> "The attached affidavits constitute newly discovered evidence clearly establishing that 102 Woodlawn Drive, High Point, N. C. was not, in fact, the residence or usual place of abode or address of defendant at the time service was attempted on his person in the fall of 1971. In reaching its conclusion that the defendant was a resident of High Point with an address at 102 Woodlawn Drive, this Court relied on the original affidavit filed by Charles F. Lambeth, Jr., attorney for the plaintiff, containing an inadvertent and incorrect reference to 102 Woodlawn Drive as if it were the defendant's residence, when in fact what was meant was that this was his former or last known address. Prior to the Court's decision the plaintiff's affidavit as a source of admission of defendant's residence had never been raised by the parties and is not mentioned for this purpose anywhere in the record or the briefs. The official statement of the Sheriff on his return that personal service could not be had on defendant at 102 Woodlawn Drive, High Point, N. C., that he was out of the United States and that his address was unknown, had been accepted by the parties, and by the Superior Court and the Court of Appeals. Until this issue was raised plaintiff was not in a position to expect or prepare for it. All of the accompanying affidavits and documentary evidence is newly discovered evidence. None of this evidence was in plaintiff's possession during any stage of this case prior to the present petition."

Attached to this petition to rehear were seven affidavits all of which tended to show that defendant was not, in fact, a

resident nor did he have his address at 102 Woodlawn Drive, High Point, N. C., in 1971 when personal service was sought to be obtained.

James A. Sink's petition to rehear was denied by this Court on 15 March 1974. *See* 285 N.C. 597. Thereafter, on 18 March 1974 Sherry filed with Judge Wood the same affidavits presented to this Court by James E. Sink in his petition to rehear. Also, on this same date (18 March), Judge Wood signed a judgment granting defendant's Rule 60(b)(6) motion and dismissing Sherry's action "for lack of jurisdiction." This judgment was filed on 21 March 1974.

Thereafter, on 27 March 1974, Sherry submitted a motion pursuant to G.S. 1A-1, Rule 60(b)(1) & (2), seeking relief from the judgment of dismissal filed on 21 March 1974 on the grounds of mistake, inadvertence, etc., and newly discovered evidence. In support of this motion, she relied on the affidavits previously filed with the court on 18 March. Also on this same date (27 March), Judge Wood signed a correction of the judgment filed on 21 March 1974. In this Correction of Judgment, Judge Wood stated, *inter alia,* that:

> "At the time of the consideration of the defendant's motion to dismiss and prior to the ruling of the Court and rendition of Judgment the plaintiff offered certain affidavits and other evidence relating to said matter, which were duly filed on March 18, 1974, and are part of the record in this case. Said affidavits and evidence were not considered by this Court in ruling upon the motion to dismiss in this case inasmuch as this Court determined and ruled that in view of the decision of the Supreme Court of North Carolina in the case of JAMES A. SINK v. KENNETH WESLEY EASTER, JR., 284 N.C. 555 (1974), this Court had no jurisdiction to consider such affidavits and evidence."

The foregoing Correction of Judgment was filed on 28 March 1974. On this same date Sherry objected and excepted to the judgment dismissing her action and gave notice of appeal to the Court of Appeals. Judge Wood signed appeal entries and Sherry was given 60 days in which to serve her case on appeal.

Also, on 28 March 1974, Judge Wood filed an order denying Sherry's Rule 60(b) motion "as a matter of law inasmuch as this Court has no jurisdiction to consider said matters, based upon the decision of the Supreme Court of North Carolina in

JAMES A. SINK v. KENNETH WESLEY EASTER, JR., 284 N.C. 555 (1974)." Sherry objected and excepted to the denial of this motion and gave notice of appeal to the Court of Appeals. Judge Wood signed the appropriate appeal entries and Sherry was given 60 days to serve her case on appeal.

Thereafter, on 1 April 1974 Judge Wood, in open court and on his own motion, told the parties that he was setting aside the previous order filed on 28 March 1974 denying Sherry's Rule 60(b) motion "for the reason that the Court takes notice of the fact said Court would be in error if it was not aware that this Court had a motion under Rule 60, and under Rule 60 the Court has discretion . . . . " The court then proceeded, over defendant's objection, to conduct a hearing on this motion.

On 9 May 1974 Sherry submitted a motion of "withdrawal and abandonment" of her appeal previously taken from the judgment granting defendant's Rule 60(b)(6) motion and dismissing her action for lack of jurisdiction. On 15 May 1974 Judge Wood signed an order allowing this motion of "withdrawal and abandonment." This order was filed on 17 May 1974.

On 16 May 1974 Judge Wood signed an order allowing Sherry's Rule 60(b) motion; setting aside the judgment of dismissal filed 21 March 1974, as corrected on 28 March 1974; and denying defendant's Rule 60(b)(6) motion to dismiss the action for lack of jurisdiction. This order was filed on 17 May 1974.

On 21 May 1974 defendant objected and excepted to the actions of Judge Wood and gave notice of appeal to the North Carolina Court of Appeals. That court, as previously noted, vacated the order filed on 17 May 1974 on the grounds that Judge Wood was without jurisdiction to reconsider his previous denial of Sherry's Rule 60(b) motion on 1 April 1974.

Due to the complexity of this case, we believe the following table of all relevant dates pertinent to *Sherry's case* will be helpful. The table is arranged in chronological order and the special significance of each date is indicated.

| DATE | SIGNIFICANCE |
|---|---|
| 1. 6 September 1968 | Cause of action accrued. |
| 2. 4 September 1971 | Action commenced by issuance of summons pursuant to Rule 3. Order granted giving plaintiff 20 days to file complaint. |

Sink v. Easter

3. 10 September 1971    Sheriff returned suit papers with notation "Easter not to be found in Guilford County—in Amsterdam—address unknown."

4. 23 September 1971    Formal complaint filed with clerk.

5. 1, 8 & 15
October 1971    Notice of service of process by publication published in Thomasville Times.

6. 11 November 1971    Defendant made "special appearance" and filed Rule 12(b) motion to dismiss for insufficiency of service of process and lack of jurisdiction.

7. 13 December 1971    Hearing before Judge Wood on defendant's 12(b) motion.

8. 27 December 1971    Judge Wood signed an order denying defendant's 12(b) motion and ordered him to answer the complaint within 30 days. Defendant objected and preserved his exception pursuant to G.S. 1-277(b).

9. 27 March 1972    The above order denying defendant's 12(b) motion was filed.

10. 25 April 1972    Defendant filed answer in which he denied negligence and pleaded the defenses of lack of jurisdiction, statute of limitations and contributory negligence.

11. 25 January 1974    This Court filed its opinion in the case of James A. Sink (father). 284 N.C. 555, 202 S.E. 2d 138.

12. 7 February 1974    Defendant filed a motion pursuant to Rule 60(b)(6) to dismiss the action on the grounds that the prior denial of his 12(b) motion was "irregular and void" by reason of the decision in 284 N.C. 555.

13. 18 February 1974    Judge Wood heard arguments on defendant's rule 60(b)(6) motion.

Sink v. Easter

14. 21 February 1974    Plaintiff's attorney, by letter to Judge
                        Wood, stipulated that he could rule on
                        defendant's motion out of term and
                        out of district. He also informed
                        Judge Wood that he planned to file a
                        petition to rehear 284 N.C. 555 and
                        requested that he withhold signing the
                        judgment on defendant's motion until
                        this Court had acted on the petition to
                        rehear.

15.  6 March 1974       Petition to rehear 284 N.C. 555 was
                        filed with this Court.

16. 15 March 1974       This Court denied the petition to re-
                        hear 284 N.C. 555. See 285 N.C. 597.

17. 18 March 1974       Plaintiff filed same affidavits submit-
                        ted to this Court in petition to rehear
                        284 N.C. 555.

18. 21 March 1974       Judge Wood filed a judgment allow-
                        ing defendant's Rule 60(b)(6) motion
                        and dismissing plaintiffs cause for
                        lack of jurisdiction (relying on 284
                        N.C. 555).

19. 27 March 1974       Plaintiff submitted a motion pursuant
                        to Rule 60(b) for relief from the judg-
                        ment filed on 21 March 1974 on the
                        grounds of mistake, inadvertence, etc.
                        and newly discovered evidence.

20. 28 March 1974       Plaintiff's 60(b) motion was filed.

21. 28 March 1974       Judge Wood filed a Correction of Judg-
                        ment, signed on 27 March 1974, to the
                        judgment filed on 21 March and stat-
                        ing that he did not consider any of the
                        affidavits filed by plaintiff on 18
                        March 1974 in ruling on defendant's
                        Rule 60(b)(6) motion.

22. 28 March 1974       Plaintiff objected to the corrected
                        judgment granting defendant's Rule
                        60(b)(6) motion and gave notice of
                        appeal to the Court of Appeals. Judge
                        Wood entered proper appeal entries.

Sink v. Easter

23. 28 March 1974    Judge Wood signed and filed an order denying plaintiff's 60(b) motion on the grounds that he had no discretion to consider it based on the decision in 284 N.C. 555.

24. 28 March 1974    Plaintiff objected to the denial of her 60(b) motion and gave notice of appeal to the Court of Appeals. Judge Wood made proper appeal entries.

25. 1 April 1974    Judge Wood, on his own motion, set aside the denial of plaintiff's 60(b) motion (#23) on the grounds that he had not been aware that he had any discretion to consider such a motion when he denied same. Thereafter, over defendant's objection, Judge Wood held a hearing on plaintiff's 60(b) motion.

26. 9 May 1974    Plaintiff submitted a motion to "withdraw and abandon" her appeal from the judgment granting defendant's 60(b)(6) motion to dismiss (#'s 18 & 21).

27. 15 May 1974    Judge Wood signed an order allowing the above motion (#26).

28. 16 May 1974    Judge Wood signed an order granting plaintiff's 60(b) motion; setting aside the judgment of dismissal filed 21 March, as amended 28 March; and denying defendant's Rule 60(b)(6) motion to dismiss.

29. 17 May 1974    The above order (#28) was filed. Also, the order (#27) allowing plaintiff's withdrawal and abandonment of appeal was filed.

30. 21 May 1974    Defendant objected and excepted and gave notice of appeal to the Court of Appeals.

Sink v. Easter

*Brooks, Pierce, McLendon, Humphrey & Leonard by Hubert Humphrey and Michael D. Meeker and Lambeth, McMillan & Weldon by Charles F. Lambeth, Jr., for plaintiff appellant.*

*Walser, Brinkley, Walser & McGirt by Charles H. McGirt and G. Thompson Miller for defendant appellee.*

COPELAND, Justice.

This case is complicated essentially because so many errors were made before it reached this Court. In unraveling this chain of procedural events, we begin with defendant's motion to dismiss filed on 7 February 1974. This motion is reproduced in full below:

"Now COMES the defendant, who moves the Court to dismiss this action for lack of jurisdiction and respectfully shows unto the Court:

1. This action was instituted on September 4, 1971, by the issuance of summons and granting of an order extending time to file complaint until September 24, 1971. The summons and Court's order were delivered to the Sheriff of Guilford County and returned unserved September 10, 1971.

2. The plaintiff attempted to serve the defendant by publication, but the defendant was not subject to such service and the same was void and further, the attempted service for publication was fatally defective, all as set forth in the opinion of the Supreme Court of North Carolina filed January 25, 1974, in the companion case of JAMES A. SINK v. KENNETH WESLEY EASTER, JR., *which had identical facts.*

3. *The question decided in the case of JAMES A. SINK v. KENNETH WESLEY EASTER, JR., was raised at the same time in this case, arguments were held in the Superior Court at the same time, and identical orders were entered in each case denying the defendant's motion dated December 27, 1971.* The order heretofore entered in this cause is irregular and void by reason of the opinion of the Supreme Court of North Carolina, and the Court lacks jurisdiction except to enter a formal order of dismissal.

4. This motion is made pursuant to the provisions of Rule 60 (b) (6) Rules of Civil Procedure." (Emphasis supplied.)

---
Sink v. Easter
---

The first issue for decision involves the legal effect of the above-quoted motion. Although inartfully drawn and mislabeled as having been made pursuant to Rule 60(b) (6), it is apparent on its face that the motion was intended as a defensive pleading of our decision in the father's case as collateral estoppel. For application of the doctrine of collateral estoppel in this type of situation *see, e.g., Crosland-Cullen Company v. Crosland,* 249 N.C. 167, 105 S.E. 2d 655 (1958) (defensive assertion). *Cf., King v. Grindstaff,* 284 N.C. 348, 200 S.E. 2d 799 (1973) (offensive assertion). For a general discussion of the doctrine *see, e.g.,* Note, Collateral Estoppel of Nonparties, 87 Harv. L. Rev. 1485 (1974); Note, Civil Procedure—Offensive Assertion of a Prior Judgment as Collateral Estoppel—A Sword in the Hands of the Plaintiff? 52 N.C. L. Rev. 836 (1974).

[1, 2] Rule 60(b) of the North Carolina Rules of Civil Procedure, which is nearly identical to Federal Rule 60(b), has no application to *interlocutory* judgments, orders, or proceedings of the trial court. It only applies, by its express terms, to *final* judgments. *See Wiggins v. Bunch,* 280 N.C. 106, 110, 184 S.E. 2d 879, 889 (1971); G.S. 1A-1, Rule 60(b). *See generally* 7 Moore's Federal Practice §§ 60.14(4) and 60.20 (1974) (hereinafter cited as Moore); Wright & Miller, Federal Practice and Procedure: Civil § 2852 (1973) (hereinafter cited as Wright & Miller); Annot., 15 A.L.R. Fed. 193 (1973). In this context, the prior *denial* of defendant's Rule 12(b) motion on 27 December 1971 constituted nothing more than an interlocutory order [*see, e.g., Cox v. Cox,* 246 N.C. 528, 98 S.E. 2d 879 (1957) (refusal of motion to dismiss not "final" determination); 2 McIntosh, N. C. Practice and Procedure, §§ 1782(1) and (7) (2d ed. 1956), and 1970 pocket part; W. Shuford, N. C. Civil. Practice and Procedure, § 54-3 (1975). As to the distinction between final and interlocutory judgments and orders *see* G.S. 1A-1,·Rule 54(a), which is almost identical to former G.S. 1-208, and *Russ v. Woodard,* 232 N.C. 36, 59 S.E. 2d 351 (1950)]. Hence, it follows that defendant's motion could not, as a matter of law, have been a proper motion under Rule 60(b). Parenthetically, we also point out that Judge Wood's prior denial of defendant's Rule 12(b) motion was not a "void" judgment, as defendant asserted, since the court always has jurisdiction to determine whether or not it has jurisdiction. *See, e.g.,* C. Wright, Federal Courts, 50-53 (2d ed. 1970), and numerous authorities there cited. Therefore, we elect to treat defendant's motion filed on 7 February 1974 as a motion for summary judgment based on the

doctrine of collateral estoppel. Likewise, we elect to treat Judge Wood's order (originally filed on 21 March 1974 and corrected on 28 March 1974) as a granting of a motion filed pursuant to Rule 56.

We next analyze the actions taken on 28 March 1974. In chronological order, they were as follows: (1) Plaintiff filed a motion pursuant to Rules 60(b)(1) and (2), seeking relief from the judgment of dismissal filed on 21 March 1974; (2) Judge Wood filed a correction to the judgment originally filed on 21 March 1974 in which he stated that he had not considered any of the affidavits filed by plaintiff on 18 March 1974 before ruling on defendant's motion; (3) Plaintiff objected to the corrected judgment and gave notice of appeal to the Court of Appeals; (4) Judge Wood filed an order denying plaintiff's Rule 60(b) motion; and (5) Plaintiff objected to the denial of a Rule 60(b) motion and gave notice of appeal to the Court of Appeals.

[3]   No question arises as to Judge Wood's jurisdiction to enter the orders of 28 March 1974. In *Wiggins v. Bunch, supra,* this Court, in an opinion by Justice Branch, stated the rule applicable to this type of situation as follows:

> "For many years it has been recognized that as a general rule an appeal takes the case out of the jurisdiction of the trial court. In *Machine Co. v. Dixon,* 260 N.C. 732, 133 S.E. 2d 659, it was stated:
>
> > 'As a general rule, an appeal takes a case out of the jurisdiction of the trial court. Thereafter, pending the appeal, the judge is *functus officio.* " . . . (A) motion in the cause can only be entertained by the court where the cause is." Exceptions to the general rule are: (1) notwithstanding notice of appeal a cause remains *in fieri* during the term in which the judgment was rendered, (2) the trial judge, after notice and on proper showing, may adjudge the appeal has been abandoned, (3) the settlement of the case on appeal.' "
> 280 N.C. at 108, 184 S.E. 2d at 880.

*Wiggins* also held that the "general rule" above quoted "was not changed by Rules 59 and 60 of the New Rules of Civil Procedure." *Id.* at 109, 184 S.E. 2d at 882. We take judicial notice that from 25 March 1974 to 29 March 1974 Judge Wood held a regular one-week civil session in Iredell County Superior Court.

Therefore, under Exception No. 1 to the "general rule," above cited, Judge Wood had jurisdiction to enter the orders above referred to on 28 March 1974.

[4]   Judge Wood's actions on 1 April 1974, however, raise serious jurisdictional questions. First, it is clear that Judge Wood committed error on 28 March 1974 when he denied plaintiff's Rule 60(b) motion on the ground that he had *no discretion* to consider it. As is recognized in many cases, a motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the court abused its discretion. *See, e.g.,* Wright & Miller, *supra,* at § 2857 and numerous cases cited. Second, it is also clear that Judge Wood, cognizant of the aforementioned error, acted on 1 April 1974 to set aside his order of 28 March 1974 denying plaintiff's 60(b) motion and to conduct a hearing, over defendant's objection, on the motion. Thus, the question for decision is whether plaintiff's appeal from the prior denial of her 60(b) motion was properly abandoned as of 1 April 1974.

We take judicial notice that on 1 April 1974 Judge Wood began presiding over a regular two-week civil session of Davidson County Superior Court. Thus, he lost jurisdiction over the cause under the "Term Rule." As heretofore noted, the general rule in this State is that an appeal takes the cause of action out of the jurisdiction of the trial court. *See Wiggins v. Bunch, supra.* It is important to remember that plaintiff had two appeals pending (but not yet docketed with the Court of Appeals) on 1 April 1974. The first appeal concerned plaintiff's exception to Judge Wood's order granting defendant's motion to dismiss. The second appeal concerned plaintiff's exception to Judge Wood's denial of her 60(b) motion.

[5, 6]   However, the general rule that an appeal divests the trial court of jurisdiction becomes inoperative when the trial judge, after due notice and on a proper showing, adjudges that the appeal has been abandoned. We construe the proceedings appearing in the record on 1 April 1974 to constitute an adjudication by the court that plaintiff's prior appeal from the denial of her Rule 60(b) motion had been abandoned and that plaintiff, by appearing at said hearing, gave proper notice of her intention to abandon the same. This is essentially the same conclusion reached by Judge Baley in his dissenting opinion. *See* 23 N.C. App. at 300, 208 S.E. 2d at 897. It follows therefore that the

Superior Court had jurisdiction on 1 April 1974 to reconsider its prior denial of plaintiff's Rule 60(b) motion.

A secondary question for decision involves the effect of a pending or completed appeal from a final judgment on the power of the trial court to grant relief under Rule 60(b). Although Rule 60(a) specifically permits the trial court to correct *clerical mistakes* before the appeal is docketed in the appellate court, and thereafter while the appeal is pending with leave of the appellate court, Rule 60(b) is silent on the question. [Parenthetically, we note that Rule 60(a) does not authorize the trial court to set aside a previous ruling where the basis is a legal error. *See, e.g.,* Moore, *supra,* at § 60.06(4); Wright & Miller, *supra,* at § 2854; Annot., 13 A.L.R. Fed. 794 (1972).] However, with reference to the trial court's consideration of a Rule 60(b) motion during the pendency of an appeal from a final judgment, Wright & Miller, *supra,* at § 2873, states:

> "The earlier cases on Rule 60(b) took the view that the district court has no power to consider a motion under the rule after notice of appeal has been filed. This always seemed anomalous since the time for making the motion continues to run while the case is pending on appeal. These cases required a party seeking relief from a judgment during the pendency of an appeal first to present his ground to the appellate court. If it thought that the motion should be heard it would remand the case to the district court for that purpose. One alternative to actual remand was for the appellate court to give permission to the district court to rule on the motion.

> "Other cases have developed a different and more satisfactory procedure. They hold that during the pendency of an appeal the district court may consider a Rule 60(b) motion and if it indicates that it is inclined to grant it, application can then be made to the appellate court for remand. This procedure is sound in theory and preferable in practice. The logical consequence is that the district court may deny the motion although it cannot, until there has been a remand, grant it, and this seems to be the interpretation followed by many courts . . . . "

Therefore, were we to follow the procedure suggested by Wright & Miller, we could treat Judge Wood's order filed on 17 May 1974 as a "clear indication" that plaintiff's Rule 60(b)

Sink v. Easter

motion would be granted if the cause was remanded for a *de novo* hearing. Plaintiff has filed a Rule 60(b) motion *directly* with this Court. Under these circumstances, we could treat plaintiff's motion as one to remand and enter the appropriate order. However, for the following stated reasons, it is not necessary to remand the case for such a hearing.

On 9 May 1974 plaintiff filed the following motion with the trial court:

> "Now Comes the plaintiff and hereby withdraws and abandons the appeal previously taken by her from the judgment dismissing this action for lack of jurisdiction, and withdraws and abandons the notice of appeal from said judgment, dated March 28, 1974."

On 15 May 1974 Judge Wood signed the following order applicable to the motion above-quoted:

> "It appearing to the Court that the plaintiff gave notice of appeal from the judgment of this court dismissing the action (signed March 18, 1974 and corrected March 27, 1974), but plaintiff has not perfected said appeal and desires to and has withdrawn her appeal; and notice having been duly given, and it having been shown that plaintiff desires to and has abandoned said appeal, it is hereby ordered that said appeal is hereby withdrawn and abandoned."

Both the motion of withdrawal and abandonment and the order allowing same were filed together on 17 May 1974.

[7] The filing and granting of the aforesaid motion served to reinvest Judge Wood with jurisdiction over the entire cause. Hence, it follows that Judge Wood had sufficient jurisdictional power on 17 May 1974 to file his order granting plaintiff relief pursuant to Rule 60(b)(1) and (2). The order was therefore legally valid. We have carefully reviewed the findings of fact and conclusions of law recited by Judge Wood in this order, as well as plaintiff's affidavits relied on therein, and find no abuse of discretion.

Accordingly, for the reasons stated herein, the judgment of the North Carolina Court of Appeals is reversed and the cause is remanded to that court for the entry of the appropriate judgment and order reinstating the order filed by Judge Wood on 17 May 1974 and for further remand of the cause to the David-

Utilities Comm. v. Telegraph Co.

son County Superior Court so that the lawsuit might thereafter proceed without further delay.

Reversed and remanded.