JAMES F. BOWEN and JAMES G. BOWEN by his Guardian *ad litem,* JAMES F. BOWEN v. HODGE MOTOR COMPANY

No. 78

(Filed 10 May 1977)

1. Appeal and Error § 16— jurisdiction of trial court after appeal

While the general rule is that an appeal removes a case from the jurisdiction of the trial court and, pending the appeal, the trial judge is *functus officio,* the trial judge still retains jurisdiction over the cause (1) during the session in which the judgment appealed from was rendered and (2) for the purpose of settling the case on appeal. Also, the trial judge, after notice and on proper showing, may adjudge the appeal has been abandoned and thereby regain jurisdiction of the case.

2. Appeal and Error § 16.1— pending appeal — motion directed to judgment — appearance at hearing — no abandonment of appeal

In an action in which plaintiffs gave notice of appeal from judgment directing a verdict for defendant, plaintiffs' post-trial Rule 41(a)(2) motion for voluntary dismissal without prejudice and the subsequent appearance of the parties for the hearing of this motion did not constitute an abandonment of plaintiffs' appeal which revested jurisdiction in the trial judge for the purpose of hearing and ruling on the motion; therefore, plaintiffs' appeal was still pending, and where the session of court at which the judgment appealed from had ended, the trial judge had no jurisdiction to entertain plaintiffs' motion for voluntary dismissal.

ON defendant's petition for further review of a decision of the Court of Appeals, 29 N.C. App. 463, 224 S.E. 2d 699

(1976), which affirmed an order of the district court, *Washington, J.,* presiding, allowing plaintiffs' motion for a voluntary dismissal of their action without prejudice. Docketed and argued as Case No. 119, Fall Term 1976.

*Henson & Donahue by Perry C. Henson and Richard L. Vanore, Attorneys for defendant appellant.*

*Bencini, Wyatt, Early & Harris, by A. Doyle Early, Jr., Attorneys for plaintiff appellees.*

EXUM, Justice.

We allowed defendant's petition for further review in order to determine whether the trial judge had jurisdiction to entertain plaintiffs' Rule 41(a)(2) motion for voluntary dismissal without prejudice. We hold that under the circumstances here presented he did not.

This action for property damages to an automobile which burned allegedly because of defendant's negligent repair of the carburetor was tried before judge and jury at a one-week session beginning on 28 July 1975 of Guilford District Court, High Point Division. The trial began on 30 July 1975. Defendant's motions for directed verdict were denied at the close of the plaintiffs' evidence and again at the close of all the evidence. The court then adjourned for the day.

On Thursday, 31 July 1975, the court, on reconsideration, allowed defendant's motion for directed verdict at the close of all the evidence. Plaintiffs gave notice of appeal in open court and the court directed defendant's attorney to present a formal judgment. The court then adjourned for the session. The minute entries for 31 July 1975 are:

"Court convened at 9:30 a.m. and the following proceedings were had:

"July 28, 1975 Jury Session
High Point Division
District Court Minutes

"74 CvD 19751 James F. Bowen and James G.
Bowen, BHGAL James F. Bowen

v

Hodge Motor Company

"At the close of the evidence, defendant's motion for directed verdict is allowed. Plaintiff gives notice of appeal. The Court directs Richard Vanore to present judgment.

"75CvD 277 Daniel C. Mann and Dwane F. Swaim

v

H. C. Lanning and Mrs. H. C. Lanning

Continued for the Session, not reached.

Court expires.

Thursday, July 31, 1975"

On Friday, 1 August 1975, plaintiffs filed a motion to be permitted to take a voluntary dismissal without prejudice pursuant to Rule 41(a)(2). The motion was grounded upon the proposition that plaintiff had additional evidence which it had not presented, some of which was not known to plaintiffs' attorney at the time of trial. This motion was heard and allowed by the district court on 5 August 1975.

Defendant then filed a motion to set aside the order allowing plaintiffs' dismissal without prejudice on the ground that plaintiffs' notice of appeal entered on 31 July 1975 divested the trial court of jurisdiction to entertain such a motion. Defendant's motion, filed 7 August 1975, was heard and denied by the district court on 12 August 1975. Defendant appealed to the Court of Appeals assigning as error the allowance of plaintiffs' voluntary dismissal without prejudice and the denial of defendant's motion to set aside the order by which the voluntary dismissal was allowed. The Court of Appeals affirmed the orders of the trial court.

[1] The Court of Appeals correctly recognized our longstanding general rule that an appeal removes a case from the jurisdiction of the trial court and, pending the appeal, the trial judge is *functus officio*. The rule is subject to two exceptions and one qualification. The exceptions are that notwithstanding the pendency of an appeal the trial judge retains jurisdiction over the cause (1) during the session in which the judgment appealed from was rendered and (2) for the purpose of settling the case on appeal. The qualification to the general rule is that "the trial judge, after notice and on proper showing, may adjudge the appeal has been abandoned" and thereby regain

jurisdiction of the cause. *Machine Co. v. Dixon,* 260 N.C. 732, 735-36, 133 S.E. 2d 659, 662 (1963).

[2]  The Court of Appeals concluded, however, that although the session of the trial court terminated on 31 July 1975, the plaintiffs' Rule 41 (a) (2) motion filed 1 August 1975 and the subsequent appearance of the parties for the hearing of this motion constituted an abandonment of plaintiffs' appeal and the trial judge thereby regained jurisdiction of the case for the purpose of hearing and ruling on this motion. In this we think the Court of Appeals erred.

The controlling case on this point is *Wiggins v. Bunch,* 280 N.C. 106, 184 S.E. 2d 879 (1971). The trial in that case was before the superior court without a jury. At the close of plaintiff's evidence the trial judge entered a judgment dismissing the action. Plaintiff gave notice of appeal in open court. Thereafter plaintiff moved to set the judgment aside and for a new trial pursuant to Rules 59 and 60 on the grounds of newly discovered evidence. This motion was heard and the trial judge ordered his judgment of dismissal set aside and awarded plaintiff a new trial. An additional defendant appealed from the order setting aside the judgment of dismissal and awarding a new trial. This Court vacated that order. Although the Court recognized the exceptions and qualification to the general rule than an appeal takes a case out of the jurisdiction of the trial court, we found no occasion to apply either the exceptions or the qualification in that case. The opinion was concerned essentially with whether motions filed pursuant to Rules 59 and 60 might properly be addressed to the trial court pending an appeal. The holding was that they might not. There was no suggestion in the case that the mere filing of the motions and the appearance of the parties for a hearing thereon constituted an abandonment of the appeal by the moving party.

The Court of Appeals' reliance on *Sink v. Easter,* 288 N.C. 183, 217 S.E. 2d 532 (1975), was misplaced. This case should not be interpreted as holding that the mere filing of a motion directed to an order or judgment from which an appeal has previously been taken and the appearance at a hearing thereon constitutes an abandonment of the prior appeal, nothing else appearing. In *Easter,* as a cursory examination of the entire opinion will show, a great deal more did appear. In *Easter* this Court was faced with a complicated procedural tangle remi-

niscent of the Gordian knot of Greek mythology. Unlike Alexander, whose solution for the intricacies of the knot was to sever it with one blow of his sword, we attempted painstakingly to unravel the tangle.

In *Easter* on 21 March 1974 the trial judge pursuant to defendant's motion entered a judgment dismissing plaintiff's action for want of jurisdiction. Thereafter plaintiff filed a motion under Rule 60(b) asking that this judgment be set aside. On 28 March 1974 the trial judge denied plaintiff's Rule 60(b) motion as a matter of law and not in the exercise of his discretion. On this same date plaintiff gave notice of appeal from the denial of her motion and from the judgment dismissing her action. On 1 April 1974 at a new session of court the trial judge in open court informed the parties that, on his own motion, he was setting aside his order denying plaintiff's Rule 60(b) motion on the ground that he should have determined it in the exercise of his discretion and not as a matter of law and he proceeded to conduct a hearing on the motion. Thereafter on 9 May 1974 plaintiff submitted a "withdrawal and abandonment" of her appeal previously taken from the judgment dismissing her action, and on 15 May 1974 the trial judge signed an order allowing the abandonment of plaintiff's appeal. On 16 May 1974 the trial judge entered an order allowing plaintiff's Rule 60(b) motion, setting aside the judgment of dismissal, and denying defendant's motion to dismiss for lack of jurisdiction. It was from this order that defendant appealed. It is important to note that until this order was entered the 21 March 1974 judgment dismissing plaintiff's action remained in effect. The 16 May 1974 order was, then, *vis-a-vis* the judgment of dismissal, the only really operative order entered by the trial judge since his order of 28 March 1974 denying plaintiff's Rule 60(b) motion. *Before* the entry of the 16 May 1974 order plaintiff had expressly sought to abandon her appeal and the trial judge had allowed the abandonment.

The Court's statement in the opinion that "[w]e construe the proceedings appearing in the record on 1 April 1974 to constitute an adjudication by the court that plaintiff's prior appeal from the denial of her Rule 60(b) motion had been abandoned and that plaintiff, by appearing at said hearing, gave proper notice of her intention to abandon the same," *id.* at 198, 217 S.E. 2d at 542, must be considered in the entire procedural context as it was presented to this Court. Plaintiff's

position relative to her appeal on 1 April 1974 must be considered in the context of her later *express* abandonment of that appeal and the court's order allowing the abandonment. Both events took place *before* the trial judge's 16 May 1974 order, which was, as we have noted, the substantively operative order from which the appeal was taken.

The cases of *Leggett v. Smith-Douglass Co.*, 257 N.C. 646, 127 S.E. 2d 222 (1962) and *Williams v. Contracting Co.*, 257 N.C. 769, 127 S.E. 2d 554 (1962), relied on by the plaintiff and in part by the Court of Appeals are clearly distinguishable. These cases dealt with our old voluntary nonsuit practice under which plaintiff had an absolute right voluntarily to nonsuit his action without prejudice up to the time a verdict was rendered against him. *Mitchell v. Jones*, 272 N.C. 499, 158 S.E. 2d 706 (1968); *Insurance Co. v. Walton*, 256 N.C. 345, 123 S.E. 2d 780 (1962). Furthermore in *Leggett* the plaintiff failed to perfect his appeal and thereafter took a voluntary nonsuit. In *Williams*, although the time for perfecting his appeal had not yet expired when plaintiff filed his voluntary nonsuit in the trial court, plaintiff thereafter failed to perfect his appeal and it was ultimately dismissed in the Supreme Court.

On this record there is neither notice nor proper showing by the plaintiffs that they abandoned their appeal nor any judgment by the trial court to that effect. The appeal, then, was still pending when plaintiffs filed their Rule 41(a)(2) motion and when it was heard and ruled on by the trial court.

While both parties agree that 28 July 1975 was the first day of a one-week session of court at which this case was tried, plaintiffs contend that the court was still in session when it filed its motion for voluntary dismissal on Friday, 1 August 1975. There is simply nothing in the record to support this contention. The minutes of the court show clearly that the court adjourned for the session on Thursday, 31 July 1975. The conclusion of the Court of Appeals on this point for the reasons stated therein was correct. *See* G.S. 7A-192; *Sink v. Easter, supra; Green v. Insurance Co.*, 233 N.C. 321, 64 S.E. 2d 162 (1951).

Since plaintiffs' appeal was pending and the session of court at which the judgment appealed from was entered had ended, the trial court had no jurisdiction to entertain plaintiffs'

Bowen v. Motor Co.

motion for voluntary dismissal without prejudice. The decision of the Court of Appeals affirming the district court's order allowing the motion is, therefore,

Reversed.