An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-114

Filed 20 August 2025

Durham County, No. 22CVD003421-310

OKINUS INC.
d/b/a OKINUS CREDIT SOLUTIONS, Plaintiff,

v.

KENYA TEASLEY, Defendant.

Appeal by defendant from order entered 16 September 2024 by Judge Nancy Gordon in Durham County District Court. Heard in the Court of Appeals 31 July 2025.

*Nelson Mullins Riley & Scarborough LLP, by D. Martin Warf, for plaintiff-appellee.*

*Defendant-appellant Kenya Teasley, pro se.*

ZACHARY, Judge.

## I.    Background

On 7 September 2022, Plaintiff Okinus, Inc., filed a verified complaint against Defendant Kenya Teasley alleging breach of a rental-furniture lease agreement. A

deputy sheriff served Defendant with a copy of the summons and complaint on 19 September 2022.

Defendant did not file an answer or any responsive pleadings. Nearly a year later, in August 2023, Plaintiff moved for entry of default and default judgment. A Durham County assistant clerk entered default on 31 August 2023. On 13 November 2023, the matter came on for hearing and the trial court entered default judgment against Defendant.

On 3 January 2024, Defendant filed a Rule 60(b) motion for relief from the default judgment, alleging that the trial court lacked personal jurisdiction over Defendant. In response, Plaintiff filed an affidavit averring to the contrary.

On 16 September 2024, the trial court entered an order denying Defendant's Rule 60(b) motion. On 14 October 2024, Defendant filed notice of appeal from the court's Rule 60(b) order. However, Defendant chose not to appeal the court's 13 November 2023 judgment underlying the Rule 60(b) order.

## II.    Analysis

On appeal, Defendant argues that the trial court abused its discretion by denying Defendant's Rule 60(b) motion because the court's underlying 13 November 2023 judgment was "void for lack of personal jurisdiction." We disagree.

"[A] motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the court abused its discretion." *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975).

A judgment "is subject to reversal for abuse of discretion only upon a showing by [the appellant] that the challenged actions [we]re manifestly unsupported by reason." *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980). Unchallenged findings of fact in the trial court's order are binding. *RH CPAs, PLLC v. Sharpe Patel PLLC*, 284 N.C. App. 424, 429, 876 S.E.2d 784, 787 (2022).

In its 16 September 2024 order, the trial court made three findings:

(1) Defendant was served with the Summons and Complaint in the matter by the Sheriff of Durham County;

(2) Defendant made a general appearance in the matter by appearing in front of the [c]ourt; and

(3) Defendant's argument that the [c]ourt did not have personal jurisdiction is without basis in fact or law.

Because Defendant does not challenge any of these findings, they are binding on appeal. *Id.* Moreover, upon review of the record, we conclude that these findings are supported by the evidence. The requirements for service of process were met. *See* N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(a) (2023).

Our Rules of Civil Procedure allow a court to "relieve a party . . . from a final judgment, order, or proceeding" where "[t]he judgment is void." *Id.* § 1A-1, Rule 60(b)(4). However, "lack of personal jurisdiction renders a court's actions voidable rather than void, and it is incumbent upon the defendant to preserve her objections by raising them at the first available opportunity." *Slattery v. Appy City, LLC*, 385

N.C. 726, 731, 898 S.E.2d 700, 705 (2024). If the defendant does not do so, "the objection is waived." *Id.* at 735, 898 S.E.2d at 708.

Of particular relevance to this case, "when a defendant makes a general appearance in an action after the entry of a judgment, she waives any objections to the lack of personal jurisdiction or the sufficiency of service of process if she does not raise those objections at that time." *Id.* at 733, 898 S.E.2d at 707. "Under such circumstances, the judgment may be enforced notwithstanding subsequent attempts to invalidate the judgment for lack of personal jurisdiction." *Id.*

Defendant was properly served with the summons and complaint. Moreover, Defendant neglected to "attack the [judgment]'s validity at the first available opportunity"; therefore, Defendant's "objection is waived." *Id.* at 735, 898 S.E.2d at 708. Accordingly, "[t]he trial court correctly concluded it acquired personal jurisdiction" over Defendant in this action and did not abuse its discretion by denying Defendant's Rule 60(b) motion. *Tuminski v. Norlin*, 295 N.C. App. 580, 585, 907 S.E.2d 48, 51 (2024).

## III. Conclusion

For the foregoing reasons, we affirm the trial court's Rule 60(b) order.

AFFIRMED.

Judges TYSON and GRIFFIN concur.

Report per Rule 30(e).