*46
 
 TYSON, Judge.
 

 *302
 
 Mark W. Ponder ("Defendant") appeals from three orders: one renewing a previously entered domestic violence protective order for an additional two years, a second "supplementing" the order renewing the protective order, and a third ordering him to pay attorney's fees incurred by his former wife, Mary W. Ponder ("Plaintiff"). We reverse the renewal order as void
 
 ab initio,
 
 and vacate both the supplemental order and the order for attorney's fees for lack of jurisdiction in the trial court.
 

 I. Background
 

 Plaintiff and Defendant married on 26 June 2010. On 13 November 2013, Defendant filed a complaint and motion for a domestic violence protective order against Plaintiff. Both parties acknowledge in their briefs that Plaintiff also filed a complaint and motion for a domestic violence protective order against Defendant on the same day, but the motion is not included in the record. Plaintiff apparently did seek such an order, as the trial court granted a domestic violence order of protection ("the DVPO") to Plaintiff and against Defendant on 13 November 2013. The DVPO remained in effect for one year, until 13 November 2014, in compliance with N.C. Gen.Stat. § 50B-3(b).
 

 Following the trial court's entry of the DVPO, both Plaintiff and Defendant filed a plethora of motions on a range of issues over the ensuing two years. Only the motions relevant to the issues in this appeal will be discussed.
 

 On 22 November 2013, Defendant filed a motion pursuant to Rules 52, 59, and 60 of the North Carolina Rules of Civil Procedure, seeking to set aside the original DVPO ("Defendant's Motion"). On 17 February 2014, the court denied Defendant's Motion. On 10 April 2014, Plaintiff filed a verified motion for attorney's fees seeking to recover the fees expended in connection with responding to Defendant's Motion.
 

 *303
 
 On 7 October 2014, before the DVPO had expired, Plaintiff filed a verified motion seeking to renew the DVPO against Defendant. A hearing on Plaintiff's motion to renew the original DVPO was set for 12 February 2015. At the hearing, Plaintiff and Defendant testified, and counsel for both parties presented arguments on the issue. At the conclusion of the hearing, the trial court found probable cause to renew the DVPO for a period of two years. The trial court failed to make any oral findings of fact or state any reasons to show good cause to renew the DVPO. The following colloquy occurred regarding renewal of the original DVPO:
 

 THE COURT: All right. I think there's cause here in regards to the renewal of the domestic violence protective order. They want the AOC form, do you guys want findings of fact as far as to be included in the renewal order or I mean, that's more directed towards you [Defendant's counsel]?
 

 [Defendant's Counsel]: Yes.
 

 THE COURT: Okay. So they require it kind of both ways and you have to do the AOC form and then we can do a second order that has some findings of fact.
 

 ....
 

 THE COURT: ... What I'm doing is this, is I'm going to do the AOC form today so you can walk away with this, this is going to be the one page (inaudible) it's going to say two years with the understanding that there will be a supplemental order that will have some
 
 additional
 
 findings of fact that I will contact you guys on that [Plaintiff's attorney] will prepare as far as the order[.]
 

 (emphasis supplied).
 

 On 12 February 2015, the trial court signed an order renewing Plaintiff's DVPO against Defendant ("the DVPO Renewal Order"). The DVPO Renewal Order erroneously noted the expiration date as 11 February 2015, and purported to extend the DVPO until 11 February 2017. While the trial court concluded in the DVPO Renewal Order that good cause existed to renew the DVPO, the trial court failed to make or list any findings of fact. The space on the AOC form in which the court was to make findings of fact is left blank. Defendant gave written notice of appeal from the DVPO Renewal Order on 13 March 2015.
 

 On 19 June 2015, the trial court granted Plaintiff's motion for attorney's fees pursuant
 
 *47
 
 to N.C. Gen.Stat. § 50B-3 ("Attorney's Fees Order").
 
 *304
 
 The Attorney's Fees Order contained findings of fact and conclusions of law. The trial court found that Plaintiff incurred attorney's fees as a result of "the [original] DVPO, defending [Defendant's Motion] and [Plaintiff's] Motion to Renew [the original DVPO]." Defendant was ordered to pay a total of $12,000.00 to Plaintiff.
 

 On 19 June 2015, 127 days after the DVPO Renewal Order was entered and 98 days after Defendant filed notice of appeal from that order, the trial court purported to enter a "Supplemental Order Renewing Domestic Violence Protective Order and Denying Motion to Dismiss" ("Supplemental Order"). In the Supplemental Order, the trial court made findings of fact and conclusions of law purporting to support its decision to grant Plaintiff's motion "for renewal of the DVPO for a two (2) year period beginning from the hearing date (February 12, 2015)." Pursuant to the Supplemental Order, the DVPO, which on its face had expired on 13 November 2014, was to be extended erroneously from 12 February 2015 to 12 February 2017.
 

 Defendant gave notice of appeal from the Attorney's Fees Order and the Supplemental Order on 30 June 2015. Defendant filed a motion to consolidate the appeals, and a consent order consolidating the appeals was entered on 11 September 2015.
 

 II. Issues
 

 Defendant argues the trial court erred by renewing the DVPO for an additional two-year period, in contravention of the plain statutory language of N.C. Gen.Stat. § 50B-3. In the alternative, Defendant argues the trial court's findings of fact in the Supplemental Order were not sufficiently supported by competent evidence. Defendant also argues the trial court erred by ordering him to pay Plaintiff's attorney's fees pursuant to N.C. Gen.Stat. § 50B-3(a)(10).
 

 III. Appeal from DVPO Renewal Order; Effect on Supplemental Order
 

 Defendant argues the trial court erred by renewing the DVPO for an additional two-year period from the 12 February 2015 hearing date. Because the trial court did not possess jurisdiction to enter the Supplemental Order, and because the DVPO Renewal Order is void
 
 ab initio,
 
 we do not reach the merits of Defendant's arguments on this issue.
 

 A. Standard of Review
 

 "Whether a trial court had jurisdiction to enter an order is a question of law that we review
 
 de novo.
 
 "
 

 *305
 

 Moody v. Sears Roebuck & Co.,
 

 191 N.C.App. 256
 
 , 264,
 
 664 S.E.2d 569
 
 , 575 (2008). An appellate court "has the power to inquire into jurisdiction in a case before it at any time, even
 
 sua sponte.
 
 "
 
 Kor Xiong v. Marks,
 

 193 N.C.App. 644
 
 , 652,
 
 668 S.E.2d 594
 
 , 599 (2008) (citation omitted).
 

 B. Analysis
 

 The power of a trial court to enter an order or take further action in a case following the filing of a notice of appeal by a party is enumerated in N.C. Gen.Stat. § 1-294, which states in relevant part:
 

 When an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein, unless otherwise provided by the Rules of Appellate Procedure; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from.
 

 N.C. Gen.Stat. § 1-294 (2015).
 

 According to well-established North Carolina law, "once an appeal is perfected, the lower court is divested of jurisdiction."
 
 Faulkenbury v. Teachers' & State Emps.' Ret. Sys.,
 

 108 N.C.App. 357
 
 , 364,
 
 424 S.E.2d 420
 
 , 422,
 
 disc. review denied in part,
 

 334 N.C. 162
 
 ,
 
 432 S.E.2d 358
 
 ,
 
 aff'd,
 

 335 N.C. 158
 
 ,
 
 436 S.E.2d 821
 
 (1993) (citation omitted). "An appeal is not 'perfected' until it is docketed in the appellate court, but when it is docketed, the perfection relates back to the time of notice of appeal, so any proceedings in the trial court after the notice of appeal are void for lack of jurisdiction."
 
 Romulus v. Romulus,
 

 216 N.C.App. 28
 
 , 33,
 
 715 S.E.2d 889
 
 , 892 (2011) (citation omitted).
 

 Here, the trial court signed and entered the DVPO Renewal Order on 12 February 2015. The order was complete, and
 
 *48
 
 the trial judge intended for it to be operative, at that time. The trial judge remarked at the hearing that he would fill out the AOC form on the date of the hearing, and Plaintiff could "walk away" with that form. Defendant then filed an appeal from the DVPO Renewal Order on 13 March 2015, which divested the court of jurisdiction.
 
 Faulkenbury,
 

 108 N.C.App. at 364
 
 ,
 
 424 S.E.2d at 422
 
 .
 

 We are cognizant that the trial court contemplated, at the 12 February 2015 hearing, that a supplemental order containing findings of fact supporting its decision to renew the DVPO would be filed. However, the trial court made no oral findings of fact at the hearing, the DVPO Renewal Order itself contained no written findings of fact. The contemplated
 
 *306
 
 Supplemental Order, which
 
 did
 
 contain the findings of fact, was not entered until months after Defendant had perfected an appeal to this Court.
 

 It is "fundamental that a court cannot create jurisdiction where none exists."
 
 Balawejder v. Balawejder,
 

 216 N.C.App. 301
 
 , 320,
 
 721 S.E.2d 679
 
 , 690 (2011) (citing
 
 In re McKinney,
 

 158 N.C.App. 441
 
 , 443,
 
 581 S.E.2d 793
 
 , 795 (2003) ). While the trial court was technically not divested of jurisdiction until the appeal was perfected in this Court, which happened after the Supplemental Order was entered, under
 
 Romulus,
 
 the appeal, and thus the divestment of the trial court's jurisdiction, relates back to the date of the notice of the appeal, in this case 13 March 2015.
 
 Romulus,
 
 216 N.C.App. at 33,
 
 715 S.E.2d at 892
 
 . The findings of fact and conclusions of law contained in the Supplemental Order are not ancillary to the appeal, and the trial court did not have jurisdiction to enter them following Defendant's 13 March 2015 notice of appeal. The Supplemental Order, which was a "proceeding[ ] in the trial court after the notice of appeal" is "void for lack of jurisdiction."
 

 Id.
 

 IV. Validity of DVPO Renewal Order
 

 Disregarding the Supplemental Order the trial court entered at a time when it was divested of jurisdiction to enter such an order, it is apparent that the purported 12 February 2015 DVPO Renewal Order, standing alone, is void
 
 ab initio.
 

 A. Standard of Review
 

 The standard of review of a trial court's order renewing a domestic violence protective order is " 'strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law.' "
 
 Comstock v. Comstock,
 
 --- N.C.App. ----, ----,
 
 771 S.E.2d 602
 
 , 608-09 (2015) (citing
 
 State v. Williams,
 

 362 N.C. 628
 
 , 632,
 
 669 S.E.2d 290
 
 , 294 (2008) ). "Under a
 
 de novo
 
 review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal."
 
 Craig v. New Hanover Cnty. Bd. of Educ.,
 

 363 N.C. 334
 
 , 337,
 
 678 S.E.2d 351
 
 , 354 (2009) (citations and internal quotation marks omitted).
 

 B. Analysis
 

 For a court to renew a protective order, a plaintiff seeking the renewal "must show good cause."
 
 Rudder v. Rudder,
 

 234 N.C.App. 173
 
 , 184,
 
 759 S.E.2d 321
 
 , 329 (2014) (citation and internal quotation marks
 
 *307
 
 omitted). The plaintiff "need not show commission of an additional act of domestic violence after the entry of the original DVPO" in order to demonstrate "good cause" to renew a previously entered DVPO. N.C. Gen.Stat. § 50B-3(b) ;
 
 see also
 

 Rudder,
 

 234 N.C.App. at 184
 
 ,
 
 759 S.E.2d at 329
 
 .
 

 We note that the DVPO Renewal Order incorporated the original DVPO by reference, and the original DVPO did include findings of fact. While "prior acts may provide support for and be 'incorporated by reference' into orders renewing DVPOs,"
 
 Forehand v. Forehand,
 

 238 N.C.App. 270
 
 ,
 
 767 S.E.2d 125
 
 , 128-29 (2014), the trial court must find as fact that the prior acts are "good cause" to renew the DVPO.
 

 In
 
 Forehand,
 
 the trial court made eight findings of fact supporting its conclusion that "good cause" existed to renew the original DVPO.
 
 Forehand,
 
 238 N.C.App. at ----,
 
 767 S.E.2d at 128
 
 . This Court held the fact that the findings of fact to support renewal of the DVPO "rest[ed], in large part," on acts
 
 *49
 
 "which [also] served as the basis for issuance of the original DVPO" in the first place was immaterial.
 

 Id.
 

 The findings of fact in an original DVPO may provide the basis for "good cause" to renew the DVPO, but only if the trial court makes new findings of fact, at the time the renewal order is entered, to support its conclusion that the "good cause" to renew is based upon the findings in the original DVPO. Here, the trial court incorporated by reference the original DVPO, but did not find as fact that these, or any other, acts which supported the original DVPO demonstrated "good cause" to renew the DVPO.
 

 Our review of the trial court's order is limited to whether the trial judge's findings of fact are supported by competent evidence, and whether the findings of fact in turn support the conclusion of law that there was "good cause" to renew the DVPO. N.C. Gen.Stat. § 50B-3(b) ;
 
 Comstock,
 
 ---N.C.App. at ----,
 
 771 S.E.2d at 608-09
 
 . Here, the trial court failed to enter
 
 any
 
 findings of fact in the DVPO Renewal Order, and, as such, no findings support the trial court's conclusion of law that "good cause" existed to renew the DVPO. We reverse the DVPO Renewal Order. The findings of fact which purportedly do support a finding of "good cause" are contained in an order entered after the trial court was divested of jurisdiction. We vacate the Supplemental Order.
 

 V. Attorney's Fees
 

 Defendant argues the trial court committed specific errors in awarding attorney's fees to Plaintiff. We do not reach the merits of Defendant's
 
 *308
 
 contentions, because the trial court was without jurisdiction to enter the Attorney's Fees Order.
 

 A. Standard of Review
 

 As noted, we review
 
 de novo
 
 whether a trial court had jurisdiction to enter an order.
 
 Moody,
 

 191 N.C.App. at 264
 
 ,
 
 664 S.E.2d at 575
 
 . An appellate court "has the power to inquire into jurisdiction in a case before it at any time, even
 
 sua sponte.
 
 "
 
 Kor Xiong,
 

 193 N.C.App. at 652
 
 ,
 
 668 S.E.2d at 599
 
 .
 

 B. Analysis
 

 The facts of this case are remarkably similar to those presented in
 
 Balawejder v. Balawejder,
 

 216 N.C.App. 301
 
 , 320,
 
 721 S.E.2d 679
 
 , 690 (2011). In
 
 Balawejder,
 
 the trial court entered a child custody and child support order in favor of the defendant.
 
 Id.
 
 at 304,
 
 721 S.E.2d at 681
 
 . The plaintiff filed a notice of appeal from the trial court's order.
 

 Id.
 

 After the notice of appeal had been filed, the trial court entered an order awarding attorney's fees to the defendant "for expenses incurred during trial and in preparing the final Custody and Child Support Order."
 

 Id.
 

 On appeal, the plaintiff contended the trial court committed specific errors in awarding attorney's fees to the defendant.
 
 Id.
 
 at 319-20,
 
 721 S.E.2d at 690-91
 
 . In vacating the trial court's order awarding attorney's fees, this Court did not reach those substantive issues, noting:
 

 After [the] plaintiff filed notice of appeal ..., the trial court was divested of jurisdiction to enter orders for attorney fees pending the completion of this appeal.... In
 
 McClure [v. Cnty. of Jackson,
 

 185 N.C.App. 462
 
 ,
 
 648 S.E.2d 546
 
 (2007) ], this Court thoroughly considered the trial court's jurisdiction to enter an award of attorney fees after the notice of appeal and held that it is fundamental that a court cannot create jurisdiction where none exists. N.C. Gen.Stat. § 1-294 specifically divests the trial court of jurisdiction unless it is a matter "not affected by the judgment appealed from." When, as in the instant case, the award of attorney's fees was based upon the plaintiff being the "prevailing party" in the proceedings, the exception set forth in N.C. Gen.Stat. § 1-294 is not applicable.
 

 Balawejder,
 

 216 N.C.App. at 320
 
 ,
 
 721 S.E.2d at 690
 
 .
 

 Here, the Attorney's Fees Order is affected by the judgment appealed from. The award of attorney's fees was based on three proceedings:
 

 *309
 
 (1) "the [original] DVPO;" (2) "defending [Defendant's Motion];" and (3) [Plaintiff's] "Motion to Renew [the original DVPO]." The Attorney's Fees Order was
 
 *50
 
 based, in part, on the motion to renew the DVPO, which resulted in the void
 
 ab initio
 
 DVPO Renewal Order. The trial court was without jurisdiction to enter the Attorney's Fees Order, as it was a matter "affected by the judgment appealed from."
 
 Balawejder,
 
 216 N.C.App. at 320,
 
 721 S.E.2d at 691
 
 . We vacate the Attorney's Fees Order.
 

 VI. Conclusion
 

 Following Defendant's notice of appeal from the DVPO Renewal Order, which was void
 
 ab initio
 
 due to the lack of any findings of fact, the trial court was without jurisdiction to enter the Supplemental Order and the Attorney's Fees Order. The DVPO Renewal Order is reversed, and the Supplemental Order and the Attorney's Fees Order are vacated.
 

 REVERSED IN PART; VACATED IN PART.
 

 Judges CALABRIA and HUNTER, JR. concur.