IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-379

No. COA21-265

Filed 7 June 2022

Wake County, No. 19CVD500434

ALICIA JABARI, Plaintiff,

v.

ISLAM JABARI, Defendant.

Appeal by defendant from order entered 9 December 2020 by Judge Lori G. Christian in District Court, Wake County. Heard in the Court of Appeals 30 November 2021.

*Sandlin Family Law Group, by Deborah Sandlin, for plaintiff-appellee.*

*Allen & Spence PLLC, by Scott E. Allen, and Law Offices of Anton Lebedev, by Anton M. Lebedev, for defendant-appellant.*

STROUD, Chief Judge.

¶ 1 Defendant-Husband appeals from a trial court order denying his Rule of Civil Procedure 60 motion to set aside an order renewing a domestic violence protection order ("DVPO") for Plaintiff-Wife. Because we conclude the renewal order was not void, we affirm.

## I. Background

¶ 2 On 10 October 2019, Plaintiff-Wife filed a "Complaint and Motion for Domestic

Violence Protective Order" against Defendant-Husband alleging he hit and kicked their oldest child, physically intimidated her, and threatened to take their children from her. (Capitalization altered.) After an initial ex parte DVPO on the same day, the trial court entered a consent DVPO on 17 October 2019, which included a temporary child custody addendum. As part of the consent DVPO, the parties agreed "no findings of fact and conclusions of law will be included in this consent protective order." The consent DVPO also stated the parties "specifically agree, consent, and stipulate that Plaintiff is entitled to relief requested and ordered herein" and that the trial court "has jurisdiction to enter this order and that the order is fully valid and binding as a matter of law pursuant to Chapter 50B of the North Carolina General Statutes." (Capitalization altered.) The consent DVPO was set to expire on 17 April 2020.

¶ 3        On 7 April 2020, Plaintiff filed a motion to renew the DVPO on the grounds Defendant had violated the consent DVPO on multiple occasions leading to criminal charges including felony stalking and felony intimidating a witness.

¶ 4        On 17 April 2020, the trial court held a hearing on Plaintiff's motion to renew the DVPO. After Defendant's attorney said Defendant would "stipulate to an extension of the protective order," the parties agreed they wanted the hearing to focus on child custody instead. Specifically, both parties asked the trial court to issue a temporary custody order because the courts were generally closed due to the start of

the COVID-19 pandemic. At the hearing, three witnesses testified: Defendant, Plaintiff, and Plaintiff's boyfriend, who was living with Plaintiff and the children at the time of the hearing.

¶ 5 Because the hearing focused on child custody, most of the testimony is not relevant to this appeal. But some testimony was relevant to the DVPO. First, during his testimony, Defendant confirmed he would consent to renewing the DVPO.

¶ 6 Second, Plaintiff testified she continued to fear Defendant. She said Defendant had been charged with multiple violations of the original DVPO, and those criminal charges included felony stalking and felony witness intimidation. As a result of the stalking, Plaintiff did not feel safe living in her house. Plaintiff also recounted an incident where she did not feel safe leaving their child's birthday party, which Defendant attended, because she was "afraid [Defendant] was going to hit" her. Finally, Plaintiff testified about her concerns Defendant was a terrorist.

¶ 7 At the end of the hearing, the trial court announced it was going to enter the DVPO without "a lot of findings of fact about things that have to do with domestic violence. You enter that without entering findings of fact." Neither party objected to that plan.

¶ 8 On the same day as the hearing, the trial court entered an "Order Renewing Domestic Violence Protective Order" (the "renewal order"). (Capitalization altered.) The renewal order was on a pre-printed form to which the trial court added

information.[1]  First, the renewal order "attached and incorporated by reference" the previous DVPO.  Then, the court found the motion to renew was filed before the original DVPO expired.  Under pre-printed text stating, "State facts regarding good cause to renew the order; a new incident of domestic violence is not required" the trial court also found "Plaintiff remains in fear of Defendant, [and] both parties consent to the entry of the renewal order."  On the Conclusion of Law portion of the renewal order form related to good cause, the trial court did not mark any box.  Finally, the trial court renewed the DVPO and noted a temporary child custody order was pending.

¶ 9      On 15 September 2020, Defendant filed a Rule 60(b) motion "to declare the domestic violence protective order null and void ab initio."  In that motion, Defendant argued the renewal order was void because the parties did not state in writing they consented to an order without findings of fact or conclusions of law; the trial court had no evidence to support its Finding Plaintiff remained in fear of Defendant; and

---

[1] The pre-printed form is AOC Form "AOC-CV-314," and the form used in this case is the version that first came into effect in February 2006.  The pre-printed form can currently be viewed at: https://www.nccourts.gov/assets/documents/forms/cv314-en.pdf?tYgLXEFWC2Mo2u.yuxNtz.VA80Yrcyun.  The form includes pre-printed Findings of Fact on: (1) whether the motion to renew was "filed before the previous order expired"; (2) "good cause to renew the order," which includes a blank spot to fill in such facts; and (3) any other matters the trial court wishes to address.  The form also includes a section on Conclusions of Law for the trial court to check whether there "is" or "is not" good cause to renew the DVPO.  Finally, the form includes a section where the trial court puts its order, signs, and indicates the new date of expiration.

the trial court did not determine good cause existed to renew the DVPO.

¶ 10 On 9 December 2020, after a hearing, the trial court denied Defendant's Rule 60(b) motion in an order entitled "Order Setting Aside Domestic Violence Protective Order."[2] (Capitalization altered.) The order found Defendant's "arguments and evidence" were "not sufficient for this Court to set aside the renewal." Likewise, the trial court concluded: "There is no good reason justifying relief from the operation of the domestic violence protected [sic] order and there is no equitable reason that the order should not have future application."

¶ 11 Defendant filed a written notice of appeal. The notice of appeal stated Defendant was only appealing the "Order Setting Aside Domestic Violence Protective Order" that denied his Rule 60(b) motion. Defendant did not appeal the underlying renewal order.

## II. Analysis

¶ 12 Defendant only appealed the order denying his Rule 60(b) motion. He did not appeal the renewal order, and by the time he filed his notice of appeal he no longer could have appealed that order because the time to file an appeal had expired.[3] *See*

---

[2] The trial court used AOC Form "AOC-CV-314, Side Two" for this order, and the title of the order form is "Order Setting Aside Domestic Violence Protective Order." (Capitalization altered.) But the trial court actually denied Defendant's motion and did not set aside the DVPO, so we are addressing the actual substance of the order, despite the title of the order.

[3] Defendant requests we "treat[] his opening brief as a *certiorari* petition" to the extent he has no right to directly appeal the renewal order. Defendant argues we should grant the

N.C. R. App. P. 3(c)(1) (requiring appeals in civil actions be filed within 30 days of entry of judgment); *see also Lovallo v. Sabato,* 216 N.C. App. 281, 283, 715 S.E.2d 909, 911 (2011) (noting "motions entered pursuant to Rule 60 do not toll the time for filing a notice of appeal" (alterations, quotations, and citation omitted)).

¶ 13        Rule 60 provides more limited grounds to challenge orders than an appeal. *See* N.C. Gen. Stat. § 1A-1, Rule 60(b) (2021) (listing five reasons for a motion followed by a catch-all provision for "[a]ny other reason *justifying relief from the operation of the judgment*" (emphasis added)); *Davis v. Davis,* 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006) ("Motions pursuant to Rule 60(b) may not be used as a substitute for appeal."). As a result, Defendant's argument—both to the trial court and on appeal—is constrained. While he uses different language across multiple headings, Defendant's argument on appeal can be summarized as a contention the renewal order was void because the trial court lacked jurisdiction or failed to make certain required Findings of Fact or Conclusions of Law and therefore the trial court erred in denying his Rule 60 motion. *See* N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) (listing "judgment is void" as one of the reasons for which a Rule 60 motion can be granted).

---

petition for writ of certiorari ("PWC") because "this appeal raises jurisdictional issues." Because Defendant's argument for the appeal of the order denying his Rule 60 motion already addresses alleged jurisdictional defects in the renewal order, we decline to treat his opening brief as a PWC.

¶ 14    "As is recognized in many cases, a motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the court abused its discretion." *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975); *see also In re E.H.*, 227 N.C. App. 525, 530, 742 S.E.2d 844, 849 (2013) ("Appellate review of an order ruling on a Rule 60(b) motion is limited to whether the trial court abused its discretion." (quotations and citation omitted)). "An abuse of discretion occurs only upon a showing that the judge's ruling was so arbitrary that it could not have been the result of a reasoned decision." *In re E.H.*, 227 N.C. App. at 530, 742 S.E.2d at 849 (quotations and citation omitted).

¶ 15    Defendant argues the renewal order was void on jurisdictional grounds because it was missing or lacked support for certain Findings of Fact and Conclusions of Law.  Specifically, Defendant contends the parties "never agreed in writing that no Findings of Fact and Conclusions of Law will be included in the renewal order." (Capitalization altered.)  He also argues the trial court's Finding of Fact as to remaining fear "is wholly unsupported."  Defendant finally asserts the renewal order is void because it does not include a Conclusion of Law there is good cause for renewal and "[t]his Court cannot make" that determination now.

¶ 16    As an initial matter, we note the briefs do not address the part of the renewal order that is pre-printed text in the form even though the pre-printed text is just as much part of the order as the words added by the judge.  *See Price v. Price*, 133 N.C.

App. 440, 441 n.2, 514 S.E.2d 553, 554 n.2 (1999) ("Because of the large number of domestic violence cases filed each year in North Carolina, we appreciate the usefulness of form orders."). Here, the renewal order includes pre-printed text specifically incorporating the prior DVPO: "The previous Domestic Violence Protective Order is attached and incorporated by reference." As a result, all the information from the original DVPO is part of the renewal order.

¶ 17 Turning to Defendant's arguments, the initial DVPO, which was signed by both parties, included a provision stating each of them "agrees that no findings of fact and conclusions of law will be included." As a result, the original DVPO did not include any Findings related to an act of domestic violence—it only included Findings on possession of the parties' house and vehicle—and did not include any Conclusions of Law. Further, the initial DVPO included the following language about its binding nature:

> THE PARTIES SPECIFICALLY AGREE, CONSENT, AND STIPULATE THAT PLAINTIFF IS ENTITLED TO RELIEF REQUESTED AND ORDERED HEREIN. THE PARTIES FURTHER STIPULATE AND AGREE THAT THIS COURT HAS JURISDICTION TO ENTER THIS ORDER AND THAT THE ORDER IS FULLY VALID AND BINDING AS A MATTER OF LAW PURSUANT TO CHAPTER 50B OF THE NORTH CAROLINA GENERAL STATUTES. DEFENDANT, BY HIS SIGNATURE HEREIN, ACKNOWLEDGES THAT ANY VIOLATION OF THIS ORDER MAY BE PUNISHABLE BY CONTEMPT POWERS OF THIS COURT, BY PROSECUTING FOR A CLASS A1 MISDEMEANOR OR

SUCH OTHER MEASURE AS PROVIDED BY LAW.

(Capitalization in original.)

These provisions in the original DVPO are based upon a provision in the domestic violence statutes permitting the trial court to enter a consent DVPO without Findings or Conclusions:

> A consent protective order may be entered pursuant to this Chapter without findings of fact and conclusions of law if the parties agree in writing that no findings of fact and conclusions of law will be included in the consent protective order. The consent protective order shall be valid and enforceable and shall have the same force and effect as a protective order entered with findings of fact and conclusions of law.

N.C. Gen. Stat. § 50B-3(b1) (2019).

The parties' agreement the original DVPO need not include Findings of Fact or Conclusions of Law is relevant here because the renewal order subject to Defendant's Rule 60 motion followed the same procedure. First, as mentioned above, the renewal order incorporated the original DVPO, including the relevant consent language on not including Findings or Conclusions. Notably, Defendant does not seek to disavow that original DVPO even though it also lacks Findings or Conclusions.

Second, Defendant was aware the original consent DVPO did not include Findings or Conclusions, but he stipulated in open court to the consent renewal multiple times. At the start of the hearing, his attorney said, "Your Honor, my client

would stipulate to an extension of the protective order, as it relates to the claim." Then, during Defendant's testimony, he was asked if he "consent[ed] to the domestic violence protective order being renewed, as it relates to your wife?" and he responded, "As related to her only, yes." These stipulations bound Defendant to the consent renewal. *Plomaritis v. Plomaritis*, 222 N.C. App. 94, 101, 730 S.E.2d 784, 789 (2012) ("Once a stipulation is made, a party is bound by it and he may not thereafter take an inconsistent position." (quotations and citations omitted)). Nothing in the record indicates he ever withdrew these stipulations. *See id.*, 222 N.C. App. at 106, 730 S.E.2d at 792 (detailing how a party can set aside stipulations). Defendant is bound by the stipulations to the consent renewal order, and he knew, based on the original consent DVPO, that a consent order need not include written Findings and Conclusions pursuant to § 50B-3(b1). As a result, he cannot now complain the renewal order lacked such Findings and Conclusions.

¶ 21 Further, the trial court explained multiple times at the hearing it would enter a consent renewal order. At the beginning of the hearing, the trial court summarized without objection that the parties consented to the renewal of the DVPO. The trial court explained the consent DVPO allowed the hearing to focus on the temporary custody order both parties wanted entered because the courts were generally closed due to the start of the COVID-19 pandemic. The trial court also announced at the end of the hearing it was going to enter the DVPO renewal without making "a lot of

findings of fact about things that have to do with domestic violence. You enter that without entering findings of fact." Again, neither party objected to that course of action. The trial court explained it understood "people enter into domestic violence protective orders by consent without findings of fact for any number of reasons, none of which are lost on the Court . . . ."

¶ 22    The reasons are not lost on this Court either. As the trial court alluded to, Defendant had practical reasons for not wanting testimony or Findings on the domestic violence issue. At the time of the renewal hearing, Defendant had been charged with multiple violations of the original DVPO, including felonies. Plaintiff even cited these violations in her motion to renew the DVPO. As a result, Defendant would not want to testify about the domestic violence issue. It was to his benefit to again enter into a consent DVPO. Especially in light of that benefit, Defendant cannot now claim the renewal order was void because it failed to include Findings of Fact and Conclusions of Law. Defendant consented to the renewal order and to its lack of Findings and Conclusions just as he did with the original DVPO. He cannot use the lack of Findings and Conclusions as both a shield and a sword.

¶ 23    Defendant cites numerous cases for the proposition the trial court only has authority to approve a consent DVPO "upon finding that an act of domestic violence occurred and that the order furthers the purpose of ceasing acts of domestic violence." Defendant did not challenge the original DVPO that lacked any Finding of an act of

domestic violence, and he could not because of the consent provisions in § 50B-3(b1). Even if he had, the cases on which Defendant relies all predate the 2013 addition of sub-section (b1) to § 50B-3. *See* An Act to Provide that a Consent Protective Order Entered Under Chapter 50B of the General Statutes May Be Entered Without Findings of Fact and Conclusions of Law Upon the Written Agreement of the Parties, 2013 North Carolina Laws S.L. 2013-237 (adding (b1)'s allowance of a consent protective order without findings of fact or conclusions of law to § 50B-3). Also, as Defendant concedes, renewal orders are different than initial orders and only require a showing of good cause, not finding "an additional act of domestic violence after the entry of the original DVPO." *Rudder v. Rudder*, 234 N.C. App. 173, 184, 759 S.E.2d 321, 329 (2014). Therefore, the trial court did not abuse its discretion by denying Defendant's Rule 60 motion because the renewal order was not void despite lacking Findings of Fact and Conclusions of Law.

¶ 24 Defendant next argues the trial court's Finding of Fact on remaining fear "is wholly unsupported." Defendant first contends "no evidentiary hearing was held on the renewal of the DVPO." Defendant then asserts, relying on *Ponder v. Ponder*, 247 N.C. App. 301, 786 S.E.2d 44 (2016), that the renewal order was void because it lacked any supported Findings of Fact.

¶ 25 The trial court did not have an evidentiary hearing specifically to renew the DVPO because at the start of the hearing on Plaintiff's motion to renew the DVPO—

and in Defendant's testimony during that hearing—Defendant consented to the renewal order. The parties instead agreed they wanted the hearing to focus on the issue of child custody. Regardless of the precise purpose of the hearing, the trial court heard testimony Plaintiff continued to fear Defendant. For example, Plaintiff testified Defendant was present for their child's birthday and she wanted to leave the house over Defendant's objections but did not because she "was afraid he was going to hit" her. Plaintiff also described how she did not feel safe living in her house because Defendant "had been stalking us [her and the children]." That testimony expanded upon Plaintiff's earlier statement Defendant was charged with felony stalking after the original DVPO went into effect. Plaintiff further testified she was concerned Defendant was a terrorist. Finally, Plaintiff told the trial court Defendant had been charged with felony witness intimidation because he "just was threatening" her. This testimony at the hearing provides ample support for the trial court's Finding Plaintiff "remains in fear of Defendant."

¶ 26      In addition to the evidentiary support for the trial court's Finding regarding Plaintiff's fear, Defendant cannot rely on *Ponder* to support his position. Defendant cites *Ponder* for its conclusion that a DVPO renewal order "was void *ab initio* due to the lack of any findings of fact." 247 N.C. App. at 309, 786 S.E.2d at 50 (italics in original). Looking at the facts of that case, the trial court concluded "good cause existed to renew the DVPO" but "failed to make or list any findings of fact. The space

JABARI V. JABARI

2022-NCCOA-379

*Opinion of the Court*

on the AOC form in which the court was to make findings of fact is *left blank*." *Id.*, 247 N.C. App. at 303, 786 S.E.2d at 46 (emphasis added). Here, by contrast, the renewal order included two Findings in the space on the AOC form: "Plaintiff remains in fear of Defendant, [and] both parties consent to the entry of the renewal."

¶ 27        Beyond that decisive difference, we also distinguish *Ponder* from the case at hand because of certain procedural differences. First, *Ponder* was not a consent renewal. The defendant in *Ponder* contested the renewal, and the trial court held a hearing. *Id.* That difference matters because only consent DVPOs, not contested ones like in *Ponder*, can be entered without findings of fact or conclusions of law under § 50B-3(b1). Further, in *Ponder*, the defendant appealed from the renewal order itself, 247 N.C. App. at 303, 786 S.E.2d at 46, rather than from a Rule 60(b) motion as Defendant did here. As explained above, Rule 60 motions are different from appeals. *Davis*, 360 N.C. at 523, 631 S.E.2d at 118 ("Motions pursuant to Rule 60(b) may not be used as a substitute for appeal."). Given Defendant cannot rely on *Ponder*, we again conclude the trial court did not abuse its discretion in determining the renewal order is not void due to insufficient Findings of Fact.

¶ 28        Defendant finally argues the renewal order is void because it does not include a Conclusion of Law that there is good cause for renewal and "this Court cannot make" that determination now. First, as already discussed, the parties stipulated the renewal order would be a consent order, like the original DVPO, which was

incorporated by reference, and therefore it would not need Conclusions of Law.

¶ 29    Second, the renewal order form already had sufficient information to determine the trial court's conclusion as to good cause. The pre-printed text on the renewal order form says, "State facts *regarding good cause to renew the order*; a new incident of domestic violence is not required." (Emphasis added.) In that section, the trial court wrote, "Plaintiff remains in fear of Defendant, [and] both parties consent to the entry of the renewal." We have already reviewed how those Findings are supported by the evidence the trial court had before it and the parties' stipulation. While the Conclusion of Law box was not checked on the form, it simply repeats the same thing from the Findings of Facts about good cause to renew the DVPO. There is no real difference between the order as it exists without the box checked and if the box had been checked. Either way, the answer on the legally determinative issue of whether the Findings of Fact supported the Conclusion of Law related to good cause stays the same. *See Ponder*, 247 N.C. App. at 307, 786 S.E.2d at 49 ("Our review of the trial court's order is limited to . . . whether the findings of fact in turn support the conclusion of law that there was 'good cause' to renew the DVPO." (citing, *inter alia*, N.C. Gen. Stat. § 50B-3(b))).

¶ 30    Even if the lack of that one checkmark in the Conclusions of Law section of the renewal order were error—which we cannot fully address since Defendant did not appeal that order and which probably is not even error for the reasons explained

above—it was at most a clerical error, contrary to Defendant's argument. "A clerical error is defined as '[a]n error resulting from a minor mistake or inadvertence, esp[ecially] in writing or copying something on the record, and not from judicial reasoning or determination.'" *Zurosky v. Shaffer*, 236 N.C. App. 219, 235, 763 S.E.2d 755, 765 (2014) (alterations in original) (quoting *State v. Jarman*, 140 N.C. App. 198, 202, 535 S.E.2d 875, 878 (2000)). "Generally, clerical errors include mistakes such as inadvertent checking of boxes on forms . . . or minor discrepancies between oral rulings and written orders . . . ." *In re D.D.J.*, 177 N.C. App. 441, 444, 628 S.E.2d 808, 811 (2006). For example, in *Rudder*, this Court found the trial court's failure to check a box on a pre-printed DVPO form was a clerical error because other information on the form showed the trial court had "intended to mark the box." 234 N.C. App. at 180, 759 S.E.2d at 327. Here, the trial court had already made Findings of Fact on good cause, and that shows the lack of checkmark was not due to judicial reasoning or determination. Rather, the trial court clearly intended to mark that box just as in *Rudder*. *Id.*

¶ 31 The clerical nature of any error defeats Defendant's challenge because, due to the fact he only appealed the denial of his Rule 60(b) motion rather than the underlying renewal order, he must show any error is so egregious it renders the renewal order void. *See* N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) (listing "judgment is void" as one of the reasons for which a Rule 60 motion can be granted); *see also Davis*,

360 N.C. at 523, 631 S.E.2d at 118 ("Motions pursuant to Rule 60(b) may not be used

as a substitute for appeal."). As this Court has previously explained:

> Our Supreme Court has described a void judgment as "one
> which has a mere semblance but is lacking in some of the
> essential elements which would authorize the court to
> proceed to judgment." *Monroe v. Niven*, 221 N.C. 362, 364,
> 20 S.E.2d 311, 312 (1942). "When a court has no authority
> to act its acts are void." *Id.*
>
> > "If a judgment is void, it must be from one or more
> > of the following causes: 1. Want of jurisdiction over
> > the subject matter; 2. Want of jurisdiction over the
> > parties to the action, or some of them; or 3. Want of
> > power to grant the relief contained in the judgment.
> > In pronouncing judgments of the first and second
> > classes, the court acts without jurisdiction, while in
> > those of the third class, it acts in excess of
> > jurisdiction." Freeman on Judgments (4 ed.), p. 176.
>
> *Ellis v. Ellis*, 190 N.C. 418, 421, 130 S.E. 7, 9 (1925). On
> the other hand, the Supreme Court has said that a
> judgment is not void where the court which renders it "has
> authority to hear and determine the questions in dispute
> and control over the parties to the controversy. ..." *Travis
> v. Johnston*, 244 N.C. 713, 719–20, 95 S.E.2d 94, 99 (1956).
> In such case, the judgment is not void even though it may
> be contrary to law; it is voidable, but is binding on the
> parties until vacated or corrected in the proper manner.
> *Worthington v. Wooten*, 242 N.C. 88, 86 S.E.2d 767 (1955).

*Allred v. Tucci*, 85 N.C. App. 138, 142, 354 S.E.2d 291, 294 (1987).

¶ 32        Here, the trial court had subject matter jurisdiction to issue the renewal order,

so the renewal order is not void. "[T]he *only* jurisdictional requirement contained

within N.C. Gen. Stat. § 50B–3(b) is that a party seeking the renewal of a DVPO file

such a motion before the expiration of the existing order." *Comstock v. Comstock*, 244 N.C. App. 20, 24–25, 780 S.E.2d 183, 186 (2015) (emphasis in original) (citing *Rudder*, 234 N.C. App. at 184, 759 S.E.2d at 329). The renewal order itself found, and no party disputes, the motion to renew was filed before the original DVPO expired. As a result, the trial court had jurisdiction to enter the renewal order, so it was not void.

### III.     Conclusion

Having reviewed all of Defendant's arguments, the trial court did not abuse its discretion in denying his Rule 60 motion because the renewal order is not void.

AFFIRMED.

Judges HAMPSON and GORE concur.