IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-542

Filed 5 December 2023

Columbus County, No. 21CRS160

STATE OF NORTH CAROLINA

v.

DELVIN HARVEY, Defendant.


Appeal by defendant from order entered on 3 November 2022 by Judge Robert C. Roupe in Columbus County Superior Court. Heard in the Court of Appeals 1 November 2023.

> *Attorney General Joshua H. Stein, by Special Deputy Attorney General Sonya M. Calloway-Durham, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Brandon Ben Mayes, for defendant-appellant.*


FLOOD, Judge.

Delvin Harvey ("Defendant") appeals from the trial court's order denying his Rule 60(b) motion. For the reasons discussed below, we reverse and remand.

## I. **Facts and Procedural Background**

On 17 November 2008, Defendant pled guilty to second-degree rape in Guilford County Superior Court and was sentenced to 93–121 months' imprisonment. Sometime in December 2020, Defendant was released after completing his sentence.

On 15 June 2021, a hearing occurred on whether Defendant should be subject to satellite-based monitoring ("SBM"). On 10 August 2021, the trial court entered an order (the "SBM Order") compelling Defendant to submit to a lifetime of SBM. On 20 August 2021, Defendant appealed.

Two weeks later, on 2 September 2021, the North Carolina General Assembly changed the law related to when the imposition of a lifetime of SBM was appropriate. Under the revised statute, a trial court must find that a defendant needs the highest level of supervision before imposing any length of SBM. N.C. Gen. Stat. § 14-208.40A(c1) (2021). Further, the revised statute provides that "[a]n offender who was ordered prior to December 1, 2021, to enroll in [SBM] for a period longer than [ten] years may file a petition for termination or modification of the monitoring requirement[.]" N.C. Gen. Stat. § 14-208.46(a) (2021).

On 31 March 2022, Defendant filed a motion for relief from the trial court's SBM Order pursuant to Rule 60(b)(6) of the North Carolina Rules of Civil Procedure, arguing the change to the SBM law mere weeks after he was ordered to submit to a lifetime of SBM constituted an extraordinary circumstance warranting relief. On 4 November 2022, Defendant's Rule 60(b)(6) motion was heard before the trial court. During the hearing, the following colloquy occurred between Defendant's counsel and the trial judge:

> THE COURT: First and foremost, I believe that pendency of an appeal in this case divests me of jurisdiction to rule on this motion at this time . . . . And I believe the case law

- 2 -

clearly indicates that my reviewing the matter presently, while its on appeal to the Court of Appeals, divests – divests me of that jurisdiction.

[DEFENSE COUNSEL]: Your Honor if I may?

THE COURT: Go ahead.

[DEFENSE COUNSEL]: I do have – I did bring with me notices of withdrawal of appeal. And now I – obviously, that can be risky, depending on, you know, where the [trial c]ourt might go. And if – if [Defendant] needs to find that before getting any indication as to where the [trial c]ourt is going to rule then, you know, I would probably not do that.

However, with – with an indication of maybe how the [trial c]ourt was going to rule and then [Defendant] and I could sit down, explain it in more detail th[a]n I already have to him; sign the notice; and serve it and file it with the clerk. That should remove the impediment of jurisdiction.

THE COURT: And I appreciate you making me aware that, []. Thank you, sir.

At this point, I'm not going to accept a withdrawal of appeal in that I frankly believe the matter needs to be addressed by the appellate court to protect your client's interests.

. . . .

Having found that Rule 60(b) does not apply to this case, I believe that it would be improper for the [trial c]ourt to move further to do any sort of constitutional analysis of this case at this time, which is what I believe [Defendant] through counsel is asking me to do.

Following the hearing, the trial court entered an order (the "Rule 60 Order") denying Defendant's Rule 60(b)(6) motion for relief from the SBM Order. The Rule 60 Order included the following conclusions of law:

1.      That the pendency of the appeal in this case divests the [trial c]ourt[']s ruling of this motion.
. . . .

3.      That [N.C. Gen Stat.] § 14-208.46 provides a method for [] Defendant to ask for relief based on the modification in law by the General Assembly.
. . . .

5.      That respectfully, Rule 60(b)(6) does not apply because extraordinary circumstances do not exist.
. . . .

7.      Justice does not require the [trial c]ourt to act in this case because [] Defendant has a statutory method of relief.

On 2 December 2022, Defendant timely filed a notice of appeal from the Rule 60 Order; prior to that, however, Defendant's initial appeal from the SBM Order was docketed at this Court on 10 November 2022. On 30 January 2023, Defendant formally withdrew his initial appeal from the SBM Order, while maintaining his appeal from the trial court's Rule 60 Order.

## II. <u>Jurisdiction</u>

This Court has jurisdiction to review the final judgment of a superior court pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2021).

## III. <u>Analysis</u>

On appeal, Defendant argues (1) the trial court erred when it determined it did not have jurisdiction over the Rule 60(b)(6) motion; and (2) by denying Defendant's Rule 60(b)(6) motion, the trial court's application of N.C. Gen. Stat. § 14-208.46 denied Defendant equal protection of the law. After careful review, we determine the

trial court erred in its conclusion that it lacked jurisdiction; accordingly, we reverse and remand the trial court's denial of Defendant's Rule 60(b)(6) motion and do not reach Defendant's equal protection argument.

## A. Standard of Review

"Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010). "'Under a de novo review, the court considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (quoting *In re Greens of Pine Glen, Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

On our *de novo* review of the matter before us, we broadly consider whether the trial court had jurisdiction to hear Defendant's Rule 60(b)(6) motion—either because Defendant's appeal from the SBM Order was not yet perfected, or through operation of Rule 60. Because the case before us presents the Court with an opportunity to apply our Rule 60 precedent to a novel request for extraordinary relief from a criminal SBM order, our analysis will review each rule in turn.

## B. Perfection of Appeal

To begin, we first examine whether Defendant's appeal from the SBM Order was perfected, and if so, what effect that perfection had on the trial court's jurisdiction to enter the Rule 60 Order.

This Court recognizes "our long-standing general rule that an appeal removes a case from the jurisdiction of the trial court, and, pending the appeal, the trial court is functus officio." *Bowen v. Hodge Motor Co.*, 292 N.C. 633, 635, 234 S.E.2d 748, 749 (1977). "An appeal is not 'perfected' until it is docketed in the appellate court, but when it is docketed, the perfection relates back to the time of notice of appeal[.]" *Ponder v. Ponder*, 247 N.C. App. 301, 305, 786 S.E.2d 44, 47 (2016) (citation omitted). Upon perfecting an appeal, therefore, any order rendered by "the trial court after the notice of appeal [is given,] [is] void for lack of jurisdiction." *Id.* at 305, 786 S.E.2d at 47 (citation omitted).

Here, the chronology of this case shows that Defendant's appeal from the SBM Order was not docketed until one week *after* the trial court entered its Rule 60 Order. Regardless, once Defendant's appeal from the SBM Order was docketed and thus perfected, that perfection related back to the date he originally filed his notice of appeal—20 August 2021. *See id.* at 305, 786 S.E.2d at 47. Therefore, Defendant's appeal was perfected as of 20 August 2021, and any orders entered after that date would be considered void for lack of jurisdiction. Our analysis does not end there, however, because in this case, the trial court had the authority to exercise jurisdiction pursuant to Rule 60 of the North Carolina Rules of Civil Procedure.

### C. Rule 60 Exception

Defendant contends that, pursuant to *Sink v. Easter*, the trial court had jurisdiction to rule on the extraordinary relief sought in his Rule 60(b)(6) motion,

despite Defendant's appeal from the SBM order being pending at the time his Rule 60(b)(6) motion was made.  288 N.C. 183, 217 S.E.2d 532 (1975).  We agree.

As stated above, the general rule is that an appeal divests the trial court of jurisdiction over a case.  *See Bowen*, 292 N.C. at 635, 234 S.E.2d at 749.  There is, however, an exception made for consideration of Rule 60 motions.  *See Sink*, 288 N.C. at 199, 217 S.E.2d at 542; *see also Bell v. Martin,* 43 N.C. App. 134, 142, 258 S.E.2d 403, 409 (1979), *rev'd on other grounds*, 299 N.C. 715, 264 S.E.2d 101 (1980).  This exception was specifically applied in this Court's 1979 opinion in *Bell*.

In *Bell*, this Court determined the best practice "is to allow the trial court to consider the Rule 60(b) motion filed while the appeal is pending for the limited purpose of indicating, by a proper entry in the record, how it would be inclined to rule on the motion were the appeal not pending."  43 N.C. App. at 142, 258 S.E.2d at 409. At that point, should the trial court indicate it would be in favor of granting the motion, the appellant would "be in position to move the appellate court to remand to the trial court for judgment on the motion."  *Id.* at 142, 258 S.E.2d at 409.  If, on the other hand, the trial court indicated it would deny the motion, that indication "would be considered binding on that court and [the] appellant could then request appellate court review of the lower court's action."  *Id.* at 142, 258 S.E.2d at 409.  The *Bell* Court reasoned that this method was preferable because "initial consideration of Rule 60(b) motions at the appellate level does not provide the essential ingredient of trial court review[.]"  *Id.* at 142, 258 S.E.2d at 409.  "As is recognized in many cases, a motion

for relief under Rule 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the court abused its discretion." *Sink*, 288 N.C. at 198, 217 S.E.2d at 541.

The principle that a trial court retains limited jurisdiction for the purposes of a Rule 60(b) motion has been most often applied in the context of cases arising from civil law. *See e.g.*, *Talbert v. Mauney*, 80 N.C. App. 477, 478–79, 343 S.E.2d 5, 7 (1986) (applying Rule 60 in a case where the defendant was sued for slander and unfair and deceptive trade practices); *In re Baby Boy Scearce*, 81 N.C. App. 662, 345 S.E.2d 411 (1986) (applying the Rule 60 exception to a case in which the district court made an oversight in not assessing the costs of bringing the action in its order).

Here, we apply the procedure outlined in *Bell* while considering Defendant's novel contention that the change in our SBM laws one month after he was ordered to submit to a lifetime of SBM necessitates extraordinary relief under Rule 60(b)(6). Defendant's appeal was perfected on 20 August 2021, which would typically divest the trial court of jurisdiction; however, Defendant's Rule 60(b)(6) motion for extraordinary relief vested the trial court with the authority to indicate how it would rule if an appeal were not pending. *See Bell*, 43 N.C. App. at 142, 258 S.E.2d at 409; *see also Morgan v. Nash Cnty.*, 224 N.C. App. 60, 74–75, 735 S.E.2d 615, 625 (2012) (upholding an advisory opinion issued by the trial court during the pendency of an appeal).

Upon our *de novo* review, it appears that statements made in the transcript and conclusions made in the Rule 60 Order are at odds with each other. On the one hand, the transcript reveals the trial court stated: "I believe the case law clearly indicates that my reviewing the matter presently, while its [sic] on appeal to the Court of Appeals, [] divests me of [] jurisdiction." On the other hand, the trial court concludes in its Rule 60 Order that "Rule 60(b)(6) does not apply because extraordinary circumstances do not exist." The trial court's error in concluding it lacked jurisdiction to enter an order on the Rule 60(b)(6) motion would necessarily negate its secondary conclusion that "respectfully, Rule 60(b)(6) does not apply because extraordinary circumstances do not exist." In order to conclude that extraordinary circumstances did not exist, the trial court would first have to determine it had jurisdiction—which it had pursuant to our caselaw—yet did not recognize.

In this particular instance, where our review of statements made in the transcript and conclusions made in the Rule 60 Order do not align, we elect to allow the conclusions made in the Rule 60 Order to guide this Court's ultimate disposition. Because the trial court had jurisdiction to enter an order on Defendant's Rule 60(b)(6) motion, we reverse and remand for a new hearing consistent with this opinion. *See Bell*, 43 N.C. App. at 143, 142, 258 S.E.2d at 409 (reversing and remanding after concluding the trial court "should have considered appellant's Rule 60(b) motion for

the limited purpose of indicating how it would have been inclined to rule on the motion and the trial court erred in dismissing the Rule 60(b) motion").

## IV. <u>Conclusion</u>

The pendency of Defendant's appeal from the SBM Order did not divest the trial court of jurisdiction to enter an order on Defendant's Rule 60(b)(6) motion. Accordingly, we reverse and remand.

REVERSED AND REMANDED.

Judges ARROWOOD and CARPENTER concur.